NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ALVIN HAYNES, *Appellant.*

No. 1 CA-CR 18-0253
FILED 2-19-2019

Appeal from the Superior Court in Maricopa County
No. CR2016-121023-001
The Honorable James R. Rummage, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Jeffrey L. Force
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge James P. Beene and Judge Michael J. Brown joined.

---

**M O R S E**, Judge:

¶1        This appeal is filed in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for Alvin Haynes has advised this Court that counsel found no arguable questions of law and asks us to search the record for fundamental error. Haynes was convicted of one count of possession or use of dangerous drugs, a class 4 felony. Haynes was given an opportunity to file a supplemental brief *in propria persona*; he has not done so. After reviewing the record, we affirm Haynes' conviction and sentence.

### FACTS AND PROCEDURAL HISTORY

¶2        On May 3, 2016, a Phoenix Police Sergeant ("Sergeant") and a security manager ("Security Manager") for an Arizona shelter ("Shelter"), received a call regarding two individuals—a "tall, white female" and a "black male"—outside the Shelter "possibly smoking methamphetamine." The Sergeant and Security Manager arrived and approached two individuals, one of whom was Haynes, described in the call. The Sergeant and Security Manager saw a "small vial, clear vial that contained a white rock-like substance" and a "black and blue backpack" near Haynes' right leg. The backpack had a "small, clear, plastic baggie" on top of it that also contained a "white rock-like substance consistent [with] the same substance inside the vial." Upon contact, they observed Haynes "kind of nervously tuck[] something under his leg, looking in [their] direction." The Sergeant "immediately ordered [Haynes] to show [him] his hands," but Haynes did not comply. The Sergeant then handcuffed Haynes. Once Haynes was handcuffed, the Sergeant saw that the object that Haynes had tucked under his leg was a "black cap" that belonged to the vial. The Sergeant subsequently searched Haynes and did not find anything else on his person. The contents in the vial and baggie tested positive for methamphetamine.

¶3        A three-day trial was held beginning on March 1, 2018. The Sergeant testified that he had questioned Haynes and that Haynes said that

he was "in possession" of the backpack but that he did not know what was in the vial and the vial did not belong to him.  The Sergeant also testified that Haynes made statements that he was "just trying to get high" with the female and that he was a drug addict and a schizophrenic.  When asked if the drugs belonged to him or the female, Haynes responded, "I don't know."  The Sergeant further testified that he asked Haynes why he attempted to hide the vial between his legs, and Haynes responded that he was "just scared" and was not hiding anything.  The jury found Haynes guilty of one count of possession or use of dangerous drugs.

¶4            The court found that the State proved nine of Haynes' alleged prior felony convictions by clear and convicting evidence.  Both Haynes and his nephew spoke at the sentencing hearing.   Haynes accepted responsibility and admitted to drug use to "self-medicate."  The court considered aggravating and mitigating factors and sentenced Haynes to a mitigated term of 6 years' imprisonment.  Haynes was given credit for 172 days of presentence incarceration.

## DISCUSSION

¶5            Our review reveals no fundamental error.  *See Leon*, 104 Ariz. at 300 ("An exhaustive search of the record has failed to produce any prejudicial error.").  The proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure.  The record reveals that Haynes was represented by counsel and was present at all critical stages of the proceedings.  *See State v. Conner*, 163 Ariz. 97, 104 (1990) (right to counsel at critical stages); *State v. Bohn*, 116 Ariz. 500, 503 (1977) (right to be present at all critical stages).

¶6            The jury was properly comprised of eight jurors and two alternates, and the record shows no evidence of juror misconduct.  *See* Ariz. Rev. Stat. ("A.R.S.") § 21-102(B); Ariz. R. Crim. P. 18.1(a).  The superior court properly instructed the jury on the elements of the charged offense, the State's burden of proof, the necessity of a unanimous verdict, and the presumption of innocence.

¶7            At sentencing, the superior court conducted the hearing in compliance with Haynes' constitutional rights and Arizona Rule of Criminal Procedure 26.  Haynes was given an opportunity to speak, and the court explained the basis for imposing the sentence.  *See* Ariz. R. Crim. P. 26.9, 26.10.  Additionally, the court imposed an appropriate sentence within the statutory limits.  *See* A.R.S. § 13-704.

## CONCLUSION

**¶8** For the foregoing reasons, we affirm Haynes' conviction and sentence. Upon the filing of this decision, defense counsel shall inform Haynes of the status of the appeal and of his future options. Counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984).

**¶9** Haynes shall have 30 days from the date of this decision to proceed, if he desires, with an *in propria persona* motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AA