NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee*,

*v.*

DIANNA RENE THOMAS, *Appellant*.

No. 1 CA-CR 20-0055
FILED 9-15-2020

---

Appeal from the Superior Court in Yuma County
No. S1400CR201900260
The Honorable David M. Haws, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael O'Toole
*Counsel for Appellee*

Yuma County Public Defender's Office, Yuma
By Robert Trebilcock
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge D. Steven Williams delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Judge Samuel A. Thumma[1] joined.

**W I L L I A M S**, Judge:

¶1        Dianna Thomas appeals her convictions and sentences for transportation of dangerous drugs for sale, a Class two felony, and possession of drug paraphernalia involving methamphetamine, a Class six felony. Thomas' counsel filed a brief per *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969) advising us there are no meritorious grounds for reversal. Thomas was granted an opportunity to file a supplemental brief *in propria persona* and did not do so. After reviewing the entire record, we affirm.

### FACTUAL AND PROCEDURAL HISTORY

¶2        In March 2019, Thomas was a passenger in a rental vehicle driven and rented by James Knowlton. The two, characterized as boyfriend and girlfriend, came upon a Border Patrol inspection station while driving northbound on U.S. Highway 95 from Yuma to Lake Havasu City. After a Border Patrol K-9 alerted to the vehicle, Border Patrol agents requested that the K-9 be allowed to conduct an interior search of the vehicle. Knowlton consented.

¶3        Knowlton and Thomas exited the vehicle with Thomas holding a fast food bag. When agents instructed her to leave the bag in the vehicle, she placed it on the passenger side floorboard. The K-9 sniffed the interior of the vehicle and, as relevant here, alerted to the fast food bag. The bag contained a digital scale and separately packaged amounts of methamphetamine totaling approximately one-half pound.

---

[1] Judge Samuel A. Thumma replaces the Honorable Kenton D. Jones, who was originally assigned to this panel. Judge Thumma has read the briefs and reviewed the record.

**¶4**      At trial, the superior court denied Thomas' Rule 20 motion, as well as a request for a *Willits*[2] instruction after Border Patrol agents failed to preserve a surveillance video showing the search of the vehicle. Thomas argued the video could have confirmed that Knowlton handed her the fast food bag, suggesting that Knowlton, not Thomas, knew of the illegal contents within. The court did, however, inform Thomas that "[y]ou are free to argue any reasonable inferences from the facts."

**¶5**      Thomas also objected at trial when a DPS officer testified that he "read [Thomas] her rights, but she didn't want to speak to me." The court sustained the objection and immediately instructed the jury: "Ladies [and] gentlemen, it is improper to inquire or comment on a defendant's invocation of the right to remain silent. That question shouldn't have been asked. It shouldn't have been answered. I'm ordering that it be stricken, and you are not to consider that in any way." After a jury convicted Thomas, she filed a motion for a new trial based upon the DPS officer's testimonial statement. The court denied the motion noting that "the way the court dealt with it during the trial was appropriate." *See, e.g.*, *State v. Villalobos*, 6 Ariz. App. 144, 147 (1967); *State v. Anderson*, 110 Ariz. 238, 240-241 (1973).

**¶6**      The superior court sentenced Thomas as a non-dangerous, non-repetitive offender to the minimum term of five years' imprisonment for transportation of dangerous drugs for sale, and the minimum term of six months imprisonment for possession of drug paraphernalia involving methamphetamine. Both sentences were ordered to run concurrently with Thomas receiving credit for 72 days of presentence incarceration. Thomas timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031, and 13-4033(A)(1).

## DISCUSSION

**¶7**      Our obligation is to review the entire record for reversible error, *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999), viewing the evidence in the light most favorable to sustaining the convictions and resolving all reasonable inferences against Thomas, *State v. Guerra*, 161 Ariz. 289, 293 (1989).

**¶8**      Our review reveals no fundamental error. *See Leon*, 104 Ariz. at 300 ("An exhaustive search of the record has failed to produce any prejudicial error."). The record contains sufficient evidence upon which the

---

[2] *State v. Willits*, 96 Ariz. 184 (1964).

jury could determine, beyond a reasonable doubt, Thomas was guilty of the charged offenses.

¶9 All proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, Thomas was represented by counsel at all stages of the proceedings and was present at all critical stages including the entire trial and the verdict. *See State v. Conner*, 163 Ariz. 97, 104 (1990) (right to counsel at critical stages) (citations omitted); *State v. Bohn*, 116 Ariz. 500, 503 (1977) (right to be present at critical stages). The jury was properly comprised of eight jurors, and the record shows no evidence of jury misconduct. *See* A.R.S. § 21-102; Ariz. R. Crim. P. 18.1(a). The superior court properly instructed the jury on the elements of the charged offenses, the State's burden of proof, and Thomas' presumption of innocence. The court properly considered and resolved all pre-trial, trial and post-trial motions. At sentencing, Thomas was given an opportunity to speak, and the court stated on the record the evidence and materials it considered and the factors it found in imposing the sentences. *See* Ariz. R. Crim. P. 26.9, 26.10. Additionally, the sentences imposed were within the statutory limits. *See* A.R.S. §§ 13-701 to 13-709 (as applicable).

¶10 As for the DPS officer's unsolicited statement that "[Thomas] didn't want to speak to me," such isolated trial incidents concerning post-arrest, post *Miranda*[3] silence, followed by both an immediate objection sustained by the superior court and curative instruction, does not violate a defendant's due process. *See Greer v. Miller*, 483 U.S. 756, 764-765 (1987); *see, e.g.*, *U.S. v. Weinstock*, 153 F.3d 272, 279-281 (6th Cir. 1998) (testimony of government witness during cross-examination by defense counsel that during investigation defendant "wouldn't talk to us" did not violate defendant's due process rights because the statement was isolated, was made in response to defense counsel's question, and was not exploited by the government); *U.S. v. Sands*, 968 F.2d 1058, 1063 (10th Cir. 1992) (prosecutor's reference to post-arrest, post-*Miranda* silence was not reversible error because trial exchange was brief, defense promptly objected, and defense counsel did not request curative instructions). The superior court promptly and appropriately cured any error.

---

[3] *Miranda v. Arizona*, 384 U.S. 436 (1966).

## CONCLUSION

**¶11** We have reviewed the entire record for reversible error and find none; therefore, we affirm Thomas' convictions and sentences.

**¶12** After this decision's filing, defense counsel's obligations pertaining to Thomas' representation in this appeal will end. Defense counsel need do no more than inform Thomas of this appeal's outcome and her future options, unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-585 (1984). On the Court's own motion, Thomas has 30 days from the date of this decision to proceed, if she wishes, with an *in propria persona* motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AA