NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA,
*Appellee*,

*v.*

STORM RUSSELL COLLINS,
*Appellant*.

No. 1 CA-CR 19-0201

FILED 9-15-2020

Appeal from the Superior Court in Maricopa County
No. CR2013-002730-001
The Honorable Warren J. Granville, Judge *(Retired)*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael O'Toole
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Jeffrey L. Force
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge D. Steven Williams and Judge David D. Weinzweig joined.

---

**T H U M M A,** Judge**:**

**¶1**          This is an appeal under *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for defendant Storm Russell Collins has advised the court that, after searching the entire record, he has found no arguable question of law and asks this court to conduct an *Anders* review of the record. Collins was given an opportunity to file a supplemental brief pro se and has not done so. A review of the entire record reveals no reversible error. Accordingly, Collins' convictions and resulting sentences are affirmed.

## FACTS AND PROCEDURAL HISTORY

**¶2**          Viewing the facts in a light most favorable to sustaining the verdict, *State v. Rienhardt*, 190 Ariz. 579, 588-89 (1997), in December 2012, Collins and Anthony Whitmore shot and killed D.M. during a robbery. In a series of text messages and phone calls leading up to the crimes, Collins, Whitmore and three others made plans to rob the victim while he was in the parking lot of an adult cabaret in Phoenix. A security camera captured the shooting as D.M. sat in his car. A police investigation found Collins' fingerprints on D.M.'s car and footprints in the parking lot consistent with the characteristics of Collins' sneakers. Collins' cell phone used the cell phone tower closest to the cabaret immediately before the shooting.

**¶3**          The State charged Collins with first-degree felony murder (count one), conspiracy to commit armed robbery (count two), armed robbery (count three) and discharge of a firearm at a structure (count four). A misconduct involving weapons charge was not tried and was later dismissed without prejudice. In January 2015, Collins entered into a plea agreement, although the court later granted the State's request to withdraw the plea after Collins said he would not comply with it. The case went to trial on counts one through four. During the 29-day trial, the State called 50 witnesses, including a codefendant who had entered into a testimonial agreement. This codefendant testified about her conversations with Collins

leading up to the crime, including targeting the victim, and testified Collins spoke with her about the shooting a few days later.

¶4     The jury found Collins guilty as charged. The court sentenced Collins as a dangerous, non-repetitive offender to life in prison with the possibility of release after 25 years on count one, to run consecutive to the sentence on counts two, three and four. For counts two, three and four, the court sentenced him to presumptive concurrent prison terms, the longest being 10.5 years He received 474 days' presentence incarceration credit.

¶5     Collins timely appealed. This court has jurisdiction over Collin's appeal pursuant to Article 6, Section 9, of the Arizona Constitution and Ariz. Rev. Stat. (A.R.S.) §§ 12-120.21(A)(1), 13-4031 and 13-4033(A) (2020).[1]

## DISCUSSION

¶6     The court has reviewed and considered defense counsel's brief and has searched the entire record for reversible error. *See State v. Clark*, 196 Ariz. 530, 537 ¶ 30 (App. 1999). Searching the record and briefing reveals no reversible error. From the record, all proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure.

¶7     So far as the record reveals, Collins was represented by counsel at all stages of the proceedings and was present at all critical stages including the trial and verdict. *See State v. Conner*, 163 Ariz. 97, 104 (1990) (right to counsel at critical stages) (citing cases); *State v. Bohn*, 116 Ariz. 500, 503 (1977) (right to be present at critical stages). The jury was properly comprised of twelve jurors, and the record shows no evidence of jury misconduct. *See* A.R.S. § 21-102; Ariz. R. Crim. P. 18.1(a). The court properly instructed the jury on the elements of the charged offenses, the State's burden of proof and Collins' presumption of innocence. At sentencing, Collins was given an opportunity to speak, and the court stated on the record the evidence and materials it considered and the factors it found in imposing the sentences. *See* Ariz. R. Crim. P. 26.9, 26.10. The sentences imposed were within the statutory limits. *See* A.R.S. §§ 13-701 through -709 (as applicable).

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

**CONCLUSION**

**¶8** This court has read and considered counsel's brief and has searched the record for reversible error and has found none. *Leon*, 104 Ariz. at 300; *Clark*, 196 Ariz. at 537 ¶ 30. Accordingly, Collins' convictions and resulting sentences are affirmed.

**¶9** Upon the filing of this decision, defense counsel is directed to inform Collins of the status of his appeal and of his future options. Defense counsel has no further obligations unless, upon review, counsel identifies an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Collins shall have 30 days from the date of this decision to proceed, if he desires, with a pro se motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:  AA