NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

CRAIG DANIEL MOORE, *Appellant.*

No. 1 CA-CR 19-0599
FILED 11-10-2020

Appeal from the Superior Court in Mohave County
No. S8015CR201800254
The Honorable Billy K. Sipe, Jr., Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael O'Toole
*Counsel for Appellee*

Mohave County Legal Advocate's Office, Kingman
By Jill L. Evans
*Counsel for Appellant*

<hr>

## MEMORANDUM DECISION

Judge D. Steven Williams delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge David D. Weinzweig joined.

<hr>

**W I L L I A M S**, Judge:

**¶1** Craig Daniel Moore appeals his felony convictions and sentences for sexual assault and sexual conduct with a minor. Moore's counsel filed a brief per *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969) advising us there are no meritorious grounds for reversal. Moore was given the opportunity to file a supplemental brief *in propria persona* but did not do so. Our obligation is to review the entire record for reversible error, *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999), viewing the evidence in the light most favorable to sustaining the convictions and resolving all reasonable inferences against Moore, *State v. Guerra*, 161 Ariz. 289, 293 (1989). After reviewing the record, we affirm Moore's convictions and sentences.

### FACTUAL AND PROCEDURAL HISTORY

**¶2** Between 2005 and 2012, Moore's daughter lived in Lake Havasu City with her grandparents, brother and Moore. Moore sexually abused his daughter (victim) on multiple occasions beginning when she was 10 years old. The first instance involved Moore touching the victim's "private area." Months later, Moore penetrated her vagina. Similar acts occurred on three other occasions when the victim was 11, 13 and 15 years old. Although neither the grandmother nor the victim's brother witnessed any abuse, the victim told her grandmother that Moore touched her in ways that made her "extremely uncomfortable." Over time, the victim told her pastor and friends about the abuse, and attempted to tell her grandmother. No action was taken. In 2015, the victim reported the abuse to police. In 2018, Moore was indicted by a grand jury.

**¶3** At trial, Moore denied all allegations, but admitted to having a prior felony conviction for trafficking stolen property in 2014.

**¶4** The jury found Moore guilty as charged of four counts of sexual assault (Counts 1, 3, 5, 7) and four counts of sexual conduct with a

minor (Counts 2, 4, 6, 8), all Class 2 felonies. The jury also found Counts 1 through 6 to be dangerous crimes against a child. For those counts, Moore was sentenced as a non-repetitive offender. For Counts 7 and 8, Moore was sentenced as a non-dangerous, repetitive offender because of his 2014 felony conviction. All sentences were as follows:

1) life imprisonment without eligibility for release until 35 years are served for Counts 1, 2, 3 and 4. Counts 1 and 2 are to be served concurrently. Counts 3 and 4 are to be served concurrently but consecutive to Counts 1 and 2.

2) a presumptive sentence of 20 years for Counts 5 and 6 to be served concurrently but consecutive to Counts 3 and 4.

3) a presumptive sentence of 10.5 years for Count 7 and a presumptive sentence of 9.25 years for Count 8 to be served concurrently but consecutive to Counts 5 and 6.

**¶5** In total, Moore was sentenced to a minimum of 100.5 years and appropriately credited 515 days' presentence incarceration. Moore timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

**¶6** Our review reveals no fundamental error. *See Leon*, 104 Ariz. at 300 ("An exhaustive search of the record has failed to produce any prejudicial error."). A person is guilty of sexual assault by "intentionally or knowingly engaging in sexual intercourse or oral sexual contact with any person without consent of such person." A.R.S. § 13-1406(A). A person is guilty of sexual conduct with a minor by "intentionally or knowingly engaging in sexual intercourse or oral sexual contact with any person who is under eighteen years of age." A.R.S. § 13-1405(A). The record contains sufficient evidence upon which the jury could determine beyond a reasonable doubt Moore was guilty of the charged offenses.

**¶7** All proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, Moore was represented by counsel at all stages of the proceedings and was present at all critical stages including the entire trial and the verdict except for a portion of the proceedings on September 20, 2019, at which Moore knowingly and voluntarily waived his right to be present. *See State v. Conner*, 163 Ariz. 97, 104 (1990) (right to counsel at critical stages) (citations

omitted); *State v. Bohn*, 116 Ariz. 500, 503 (1977) (right to be present at critical stages). The jury was properly comprised of twelve jurors, and the record shows no evidence of jury misconduct. *See* A.R.S. § 21-102(A); Ariz. R. Crim. P. 18.1(a). The trial court properly instructed the jury on the elements of the charged offenses, the State's burden of proof, and Moore's presumption of innocence. At sentencing, Moore was given an opportunity to speak, and the court stated on the record the evidence and materials it considered and the factors it found in imposing the sentences. *See* Ariz. R. Crim. P. 26.9, 26.10. Additionally, the sentences imposed were within the statutory limits. *See* A.R.S. §§ 13-701 through -709 (as applicable).

**CONCLUSION**

**¶8**　　　　A review of the entire record reveals no reversible error. Accordingly, Moore's convictions and resulting sentences are affirmed.

**¶9**　　　　Defense counsel's obligations pertaining to Moore's representation in this appeal have ended. Defense counsel need do no more than inform Moore of the outcome of this appeal and his future options, unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). On this court's motion, Moore has 30 days from the date of this decision to proceed, if he wishes, with an *in propria persona* motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AA