NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

AARON FRANK ORRICO, *Appellant.*

No. 1 CA-CR 20-0320

FILED 12-29-2020

Appeal from the Superior Court in Yavapai County
No. V1300CR201680623
The Honorable Michael R. Bluff, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Law Office of Gonzales & Poirier, P.L.L.C., Flagstaff
By Tony Gonzales
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge David B. Gass delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge Michael J. Brown joined.

---

**G A S S**, Judge:

¶1        Aaron Frank Orrico filed this appeal in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Orrico's counsel searched the record and identified no arguable, non-frivolous question of law. Counsel, therefore, asks this court to review the record for fundamental error. Orrico was given an opportunity to file a supplemental brief *in propria persona*. He has not done so. Finding no error in the record, we affirm Orrico's convictions and sentences.

### FACTUAL AND PROCEDURAL HISTORY

¶2        This court views the facts in the light most favorable to sustaining the jury's verdict and resolves all reasonable inferences against Orrico. *See State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

¶3        M.N. and her mother were vacationing in Sedona and scheduled massages. Orrico was M.N.'s massage therapist. Orrico began with a foot massage and proceeded to a body massage. After M.N. moved from lying face down to lying on her back, Orrico began massaging under the loose draping covering her, touching her abdomen and in between her breasts. Orrico then moved to M.N.'s pubic area, putting his fingers in her vulva and touching her clitoris. M.N. never consented to Orrico touching her vulva or clitoris. M.N. left the massage and waited in the lobby for her mother to return. M.N. began to cry when she saw her mother. M.N. and her mother reported Orrico's conduct to the spa's owner and manager, and Sedona police.

¶4        S.Y. also had a massage from Orrico. Orrico had previously given S.Y. a massage without incident. On this occasion, however, Orrico proceeded to massage around her breasts. He then moved to her pubic area and inserted his fingers inside her, touching her labia and clitoris. She physically reacted. After he tried to touch her vagina two more times, she realized his actions were intentional. After the massage, S.Y. also reported Orrico's conduct to the spa owner and Sedona police.

¶5         Orrico again repeated this conduct when he was massaging P.W., touching around her breasts and inserting his fingers in her vagina. When Orrico asked if she wanted to orgasm, P.W. left the massage. That night, Orrico sent P.W. a text message saying he hoped she enjoyed the massage. After speaking to police, who asked if P.W. would be willing to respond to gather more evidence from Orrico, P.W. sent a message saying the massage was "amazing" and next time he could make her orgasm. Orrico responded "[t]hat would be awesome," and made other sexual comments.

¶6         Police asked to speak with Orrico. Orrico came to a police station to talk with an officer. The officer and Orrico discussed the allegations from M.N., S.Y., and P.W. During the interview, Orrico confirmed he gave M.N., S.Y., and P.W. adductor and abdominal massages while they were naked—what Orrico called "the full nine yards" because of their proximity to the pubic area—without the women requesting it. Soon after, a grand jury indicted Orrico on three counts of sexual assault, all class two felonies.

¶7         The superior court held a voluntariness hearing, at the conclusion of which the court found statements Orrico made to police were voluntary and admissible in the State's case-in-chief. After a five-day trial, the jury convicted Orrico of all three counts. The jury also found, as aggravating circumstances, the State proved Orrico was in a position of trust and the victims suffered emotional harm.

¶8         The superior court sentenced Orrico to consecutive, slightly aggravated 8-year terms of imprisonment for each count, with credit for 81 days served towards count 1. It also ordered community supervision after Orrico's term of imprisonment, various statutory fines and assessments, and registration as a sex offender.

¶9         Orrico timely appealed. This court has jurisdiction under Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 13-4031, and -4033.A.1.

## ANALYSIS

¶10         This court has read and considered counsel's brief and fully reviewed the record for reversible error, finding none. *See Leon*, 104 Ariz. at 300; *State v. Flores*, 227 Ariz. 509, 512, ¶ 12 (App. 2011).

¶11         All the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. The record shows Orrico was present

for, and represented by counsel at, all critical stages of the proceedings, though he appeared late for the voluntariness hearing. *See State v. Bohn*, 116 Ariz. 500, 503 (1977); *State v. Conner*, 163 Ariz. 97, 104 (1990). The jury was properly comprised of twelve jurors and two alternates. *See* A.R.S. § 21-102.A. The record shows no evidence of jury misconduct. The superior court properly instructed the jury on the elements of the charged offenses, the State's burden of proof, and Orrico's presumed innocence. Additionally, Orrico was given an opportunity to speak at sentencing, and the sentences imposed are within statutory guidelines. *See* Ariz. R. Crim. P. 26.9, 26.10(b)(1); A.R.S. § 13-1406.B (presumptive sentence of seven years, maximum sentence of fourteen years, for first-time offender), .C (requiring sentences for sexual assault to run consecutively).

## CONCLUSION

**¶12**     Orrico's convictions and sentences are affirmed.

**¶13**     Defense counsel's obligations pertaining to Orrico's representation in this appeal have ended. Defense counsel need do no more than inform Orrico of the outcome of this appeal and his future options, unless, upon review, counsel finds an issue appropriate for submission to our supreme court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).

**¶14**     Orrico has thirty days from the date of this decision to proceed, if he wishes, with an *in propia persona* petition for review. *See* Ariz. R. Crim. P. 31.21. This court, on its own motion, also grants Orrico thirty days from the date of this decision to file an *in propia persona* motion for reconsideration. *See* Ariz. R. Crim. P. 31.20.



AMY M. WOOD • Clerk of the Court
FILED:      HB