NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ERIC LEE HAYES, SR., *Appellant.*

No. 1 CA-CR 20-0141
FILED 4-8-2021

Appeal from the Superior Court in Maricopa County
No. CR2018-002654-001
The Honorable Peter A. Thompson, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Thomas K. Baird
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Jennifer M. Perkins delivered the decision of the Court, in which Judge Randall M. Howe and Judge Maria Elena Cruz joined.

---

**P E R K I N S**, Judge:

¶1         Eric Lee Hayes filed a timely appeal in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969), following his convictions for first-degree murder, a class 1 felony; two counts of kidnapping, a class 2 felony; armed robbery, a class 2 felony; attempt to commit armed robbery, a class 3 felony; and first-degree burglary, a class 2 felony. Hayes's counsel has searched the record and found no arguable question of law that is not frivolous. *See Anders*, 386 U.S. at 744; *see also State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). Hayes filed a supplemental brief in *propria persona*.

¶2         Our obligation is to review the entire record for reversible error, *Clark*, 196 Ariz at 537, ¶ 30, viewing the evidence in the light most favorable to sustaining the convictions and resolving all reasonable inferences against Hayes. *See State v. Guerra*, 161 Ariz. 289, 293 (1989). After reviewing the entire record, we find no error and reject the arguments raised in Hayes's supplemental brief. We affirm his convictions.

**FACTUAL AND PROCEDURAL BACKGROUND**

¶3         In November 1993, C.G. and her four children lived with A.W., who sold drugs out of his home. One night, two unmasked men rang A.W.'s doorbell unannounced. When A.W. opened the door, one of the men pointed a handgun at him and ordered him to lay on the ground. A.W. complied and the men demanded A.W.'s drugs and money. While A.W. responded that he did not have drugs, the men found A.W.'s wallet and stole about $1,000.

¶4         One man, masked with pantyhose, grabbed C.G. by the hair and placed her on the ground next to A.W. Then C.G. heard a knock at the door. After the men opened the door, C.G. heard a gunshot, shouting, and fire truck sirens. Emergency personnel arrived and began treating a gunshot victim, who eventually died. Police found a nylon mask in the

street in front of A.W.'s house, but the inquiry into these crimes remained a cold case for over two decades.

¶5        In November 2015, a police detective reopened the investigation and submitted the nylon mask for forensic testing. A forensic lab found the nylon mask contained major and minor DNA profiles for at least two individuals. The major profile matched Hayes's DNA. At trial, the jury found Hayes guilty as charged. The superior court sentenced Hayes to life in prison for first-degree murder and presumptive and concurrent sentences for the remaining convictions.

## DISCUSSION

¶6        The record reveals sufficient evidence upon which the jury could determine, beyond a reasonable doubt, that Hayes is guilty of the charged offenses. The record further reflects that all proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure, that Hayes was represented by counsel at all stages of the proceedings, and that he was present at all critical stages. *See State v. Conner*, 163 Ariz. 97, 104 (1990) (right to counsel); *see also State v. Bohn*, 116 Ariz. 500, 503 (1977) (right to be present at critical stages). At sentencing, Hayes had the opportunity to speak on his behalf, the superior court stated on the record the factors it considered, *see* Ariz. R. Crim. P. 26.9, 26.10, and the court imposed sentences within the statutory limits. *See* A.R.S. §§ 13-704, -1105(D).

¶7        Hayes filed a supplemental brief raising multiple issues. He claims the prosecutor made a false statement in court during jury selection. A potential juror informed the court of his acquaintance with a detective in the cold-case unit that investigated Hayes. The prosecutor responded that this detective did not work on Hayes's case. Hayes claims the prosecutor's statement was false because the detective signed a criminal subpoena in Hayes's case a year before trial. But the statement by the prosecutor did not prejudice Hayes. Even if the detective worked on the case, the potential juror acquainted with the detective did not participate as a juror at trial.

¶8        Hayes alleges prosecutorial misconduct through the misrepresentation of facts, use of tainted evidence, and improper speculation. But he points to no evidence in the record that substantiates these allegations and we find none.

¶9        Hayes contends the State presented insufficient evidence to support his convictions because the DNA evidence raised only the possibility of his contact with the nylon mask. Hayes's argument is unpersuasive. The jury could reasonably infer from Hayes's contact with

the mask that he was at the scene of the crime where the detectives found the mask.

¶10        Finally, Hayes claims he suffered violations of his due process and confrontation clause rights. The record does not support his conclusory allegations.

## CONCLUSION

¶11        We have reviewed the entire record for arguable issues of law and find none. We therefore affirm Hayes's convictions and resulting sentences. *See Leon*, 104 Ariz. at 300–01.

¶12        Defense counsel's obligations pertaining to Hayes's representation in this appeal have ended. Counsel must only inform Hayes of the outcome of this appeal and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Hayes has thirty days from the date of this decision to proceed, if he desires, with a pro per motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:    AA