NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

ADRIAN DEWAYNE LEBIAN, *Appellant*.

No. 1 CA-CR 20-0542
FILED 6-24-2021

Appeal from the Superior Court in Yavapai County
No.  P1300CR201900204
The Honorable Krista M. Carman, Judge

**AFFIRMED**

COUNSEL

Law Offices of Stephen L. Duncan, PLC, Scottsdale
By Stephen L. Duncan
*Counsel for Appellant*

Adrian Dewayne Lebian, El Paso, Texas
*Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Jennifer M. Perkins delivered the decision of the Court, in which Judge Randall M. Howe and Judge Maria Elena Cruz joined.

---

**P E R K I N S**, Judge:

¶1 Adrian Dewayne Lebian timely appealed in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969), following his convictions for two counts of aggravated assault, and resisting arrest. Lebian's counsel has searched the record and found no arguable question of law that is not frivolous. *See Anders*, 386 U.S. at 744; *see also State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). Lebian filed a supplemental brief, challenging his convictions on three grounds.

¶2 Our obligation is to review the entire record for reversible error, *id.*, viewing the evidence in the light most favorable to sustaining the convictions and resolving all reasonable inferences against Lebian. *See State v. Guerra*, 161 Ariz. 289, 293 (1989). After reviewing the record, we find no error and reject the arguments raised in Lebian's supplemental brief. We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

¶3 In December 2018, Officer Shook responded to a report of Lebian blocking traffic and trying to open car doors. Shook found Lebian walking in the middle of the road and instructed him to step out of the road. Lebian acknowledged Shook's request but did not comply. Shook then informed Lebian he was under arrest, prompting Lebian to flee. Shook eventually caught up with Lebian and they started scuffling. Lebian swung his fist at Shook and then they started grappling on the ground. Three more officers arrived to help Shook arrest Lebian, who continued to struggle and wrestle with the officers. The State charged Lebian with two counts of aggravated assault, a class 5 felony, and resisting arrest, a class 6 felony.

¶4 Lebian filed a pretrial motion for new appointed counsel, which the superior court denied. Lebian also filed a pretrial motion to exclude hearsay related to a 911 call, which the superior court granted in part. The court ruled the 911 call could not be used to evidence Lebian's

mental state or potential wrongdoing, but the 911 call could be used to explain why Shook responded to the scene.

**¶5** Multiple officers testified at trial and each officer confirmed that Lebian fought with Shook and Officer Kline. Kline also testified that Lebian "clawed at" and twisted Kline's fingers as the officers restrained Lebian. Only Lebian testified in his defense.

**¶6** During jury deliberations, Lebian's counsel notified the court that it omitted a limiting instruction related to the 911 call. The court then recalled the jury to provide a limiting instruction consistent with its ruling on Lebian's motion. The jury found Lebian guilty of all charges. The court sentenced Lebian to mitigated sentences of nine months' imprisonment for each count of aggravated assault and four months' imprisonment for resisting arrest. The court ordered Lebian's sentences to run concurrently, and he received 51 days of pre-incarceration credit.

## DISCUSSION

**¶7** The record reveals sufficient evidence from which the jury could determine, beyond a reasonable doubt, that Lebian is guilty of the charged offenses. The record also reflects that all proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure, that Lebian was represented by counsel at all stages of the proceedings, and that he was either present or waived his presence at all critical stages. *See State v. Conner*, 163 Ariz. 97, 104 (1990) (right to counsel); *see also State v. Bohn*, 116 Ariz. 500, 503 (1977) (right to be present at critical stages). Lebian had the opportunity to speak during sentencing and the court stated the factors it considered before imposing sentences within the statutory limits. A.R.S. §§ 13-704, -1105(D); *see also* Ariz. R. Crim. P. 26.9, 26.10.

**¶8** Lebian's supplemental brief challenges his sentence on three grounds. First, Lebian claims the superior court erred by denying his right to self-representation. Criminal defendants have "a constitutionally protected right to proceed without counsel," but "[i]n order to successfully invoke this right, the accused must make an unequivocal request to represent himself." *State v. Henry*, 189 Ariz. 542, 548 (1997). In his supplemental brief, Lebian claims to have based his motion for new counsel "on the grounds of the public defender being overwhelmed with case load and the obvious conflict of interest." Lebian then claims to have requested to represent himself. But nothing in the record reflects Lebian's alleged desire for self-representation. Lebian only offers his own handwritten and

signed statement, as an appendix to his supplemental brief, to support this claim. We thus find no error.

¶9            Second, Lebian appears to argue that inconsistencies in the officer-witnesses' testimonies taint his convictions. He broadly claims that multiple officers' statements are "elusive, inconsistent, and non-corroborating." He also cites potential factual inaccuracies. These arguments are essentially an invitation to reweigh the evidence, which we will not do. *See Guerra*, 161 Ariz. at 293.

¶10          Third, Lebian claims the superior court erred by permitting references to the 911 call. He also argues this evidence contaminated the jury "beyond reparation." The court granted Lebian's motion to preclude hearsay related to the 911 call, but also ruled the call could be used to explain why Shook responded to the scene. *See* Ariz. R. Evid. 801(c), 802–804 (out of court statements are not hearsay if not offered to prove the truth of the matter asserted). And the record shows the State followed the court's order when referencing the 911 call. The court did at first fail to provide the jury with a limiting instruction before deliberations, but Lebian's counsel informed the court of this omission. The court then remedied the omission by instructing the jury that the 911 call could only be used to explain why Shook responded to the scene. *See State v. Dann*, 205 Ariz. 557, 571, ¶ 48 (2003) (we presume juries follow curative instructions). We therefore find no error.

**CONCLUSION**

¶11          We have reviewed the entire record for arguable issues of law and find none. We thus affirm Lebian's convictions and sentences. *See Leon*, 104 Ariz. at 300–01.

¶12          Defense counsel's obligations pertaining to Lebian's representation in this appeal have ended. Counsel must only inform Lebian of the outcome of this appeal and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). On the court's own motion, Lebian has thirty days from the date of this decision to proceed, if he wishes, with a pro per motion for

reconsideration. Lebian also has thirty days from the date of this decision to proceed, if he wishes, with a pro per petition for review.



AMY M. WOOD • Clerk of the Court
FILED:   AA