NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

ROBERT MCKENNA, *Appellant*.

No. 1 CA-CR 21-0032
FILED 2-10-2022

Appeal from the Superior Court in Maricopa County
No. CR2020-122531-002
The Honorable Dewain D. Fox, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Maricopa County Public Defender's Office
By Mark E. Dwyer
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

---

Presiding Judge D. Steven Williams delivered the decision of the Court, in which Judge Jennifer B. Campbell and Judge James B. Morse Jr. joined.

---

**W I L L I A M S**, Judge:

¶1         Robert McKenna appeals his conviction and sentence for misconduct involving weapons. McKenna's counsel filed a brief per *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969) advising us there are no meritorious grounds for reversal. McKenna was granted an opportunity to file a supplemental brief *in propria persona* and did not do so. Our obligation is to review the entire record for reversible error, *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999), viewing the evidence in the light most favorable to sustaining the conviction and resolving all reasonable inferences against McKenna, *State v. Guerra*, 161 Ariz. 289, 293 (1989). After reviewing the record, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2         In June 2020, McKenna was a passenger in a vehicle stopped by police for suspicion of driving under the influence. During the stop, one of the officers asked McKenna if the vehicle contained any weapons or other illegal materials. McKenna, who was on felony probation and a prohibited possessor, answered in the negative. Officers, however, were able to see the barrel of a shotgun in the cargo area while shining a flashlight into the vehicle's windows. When told by an officer about the presence of the shotgun, McKenna responded that he meant to inform the officer that a single-shot 12-gauge shotgun may be in the back of the vehicle. The officers searched the vehicle and discovered seven unfired 12-gauge shotgun shells. After being read his *Miranda* rights, McKenna stated he was a prohibited possessor and that his prints would probably be on the gun because he handled it earlier at an acquaintance's home.

¶3         The State charged McKenna with misconduct involving weapons, a Class four felony; and alleged McKenna's prior felony convictions, the existence of aggravating circumstances, and that the crime was committed while on probation and on release.

¶4　　　　At trial, McKenna knowingly, intelligently, and voluntarily waived his right to legal counsel. The State presented testimony from the two officers who stopped and searched the vehicle, and the officers recounted their questioning of McKenna and his admissions. McKenna's probation officer also testified, confirming McKenna was on probation on the date of the offense.

¶5　　　　McKenna moved for an acquittal under Arizona Rule of Criminal Procedure 20 following the State's case-in-chief. The trial court denied the motion. A jury convicted McKenna as charged. McKenna admitted to the aggravating circumstances alleged and stipulated to having two historical priors. The court sentenced McKenna to the presumptive term of 10 years' imprisonment, plus an additional two years' imprisonment pursuant to A.R.S. § 13-708(D), with 230 days pre-incarceration credit. McKenna timely appealed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

**DISCUSSION**

¶6　　　　A review of the record confirms that all proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. McKenna was at all times either represented by counsel or afforded advisory counsel after he knowingly, intelligently, and voluntarily waived his right to counsel. McKenna was present at all critical stages of the proceedings, including the trial and the verdict. *See State v. Conner*, 163 Ariz. 97, 104 (1990) (right to counsel at critical stages); *see also State v. Bohn*, 116 Ariz. 500, 503 (1977) (right to be present at critical stages). The jury was properly comprised of eight jurors, and the record shows no evidence of jury misconduct. *See* A.R.S. § 21-102; Ariz. R. Crim. P. 18.1(a). The trial court properly instructed the jury on the elements of the charged offense, the State's burden of proof, and McKenna's presumption of innocence. At sentencing, McKenna was given an opportunity to speak, and the court stated on the record the evidence and materials it considered and the factors it found in imposing the sentence. *See* Ariz. R. Crim. P. 26.9, 26.10. Additionally, the sentence imposed was within the statutory limits. *See* A.R.S. §§ 13-701 through -709 (as applicable).

¶7　　　　Our review reveals no fundamental error. *See Leon*, 104 Ariz. at 300 ("An exhaustive search of the record has failed to produce any prejudicial error.").

**CONCLUSION[1]**

**¶8**      We have reviewed the entire record for reversible error and find none; therefore, we affirm McKenna's conviction and sentence.

**¶9**      Defense counsel's obligations pertaining to McKenna's representation in this appeal have ended. Defense counsel need do no more than inform McKenna of the outcome of this appeal and his future options, unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). On this court's motion, McKenna has 30 days from the date of this decision to proceed, if he wishes, with an *in propria persona* motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:   AA

---

[1] The court is in receipt of a *pro per* untitled notice from McKenna requesting a status update. We note that McKenna is represented by counsel. Regardless, with the issuance of this decision, the court takes no further action on McKenna's written request.