NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

NICHOLE RHAE CHEE, *Appellant*.

No. 1 CA-CR 21-0085
FILED 2-22-2022

Appeal from the Superior Court in Coconino County
No. S0300CR201800092
The Honorable Cathleen Brown Nichols, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Coconino County Public Defender's Office, Flagstaff
By Brad Bransky
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge D. Steven Williams delivered the decision of the Court, in which Presiding Judge Cynthia J. Bailey and Judge Peter B. Swann joined.

**W I L L I A M S**, Judge:

¶1 Nichole Rhae Chee appeals her convictions and sentences for manslaughter and two counts of endangerment. Chee's counsel filed a brief per *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969) advising us there are no meritorious grounds for reversal. Chee was granted an opportunity to file a supplemental brief *in propria persona* and did not do so. Our obligation is to review the entire record for reversible error. *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). After reviewing the record, we affirm.

**FACTUAL AND PROCEDURAL HISTORY**

¶2 One afternoon in October 2016, Chee drank several glasses of wine at her home. Chee then drove to a bar where she continued to drink alcohol. Realizing she was intoxicated, Chee attempted to get a ride home. Chee grew tired of waiting, left the bar, and attempted to drive herself home.

¶3 Chee rear-ended a taxi, continued driving, swerved, and hit a pedestrian. The pedestrian later died due to injuries sustained in the collision.

¶4 Police interviewed Chee at the scene and observed that Chee had "bloodshot eyes," was "slurring her speech," and was "unsteady on her feet." After performing poorly on field sobriety tests, Chee was arrested, and her blood was drawn. The blood draw revealed a blood alcohol concentration of .235%.

¶5 Chee was charged with manslaughter, a Class two dangerous felony ("Count One") and two counts of endangerment, each a Class six dangerous felony ("Counts Two and Three").

¶6 At trial, Chee moved for directed verdict under Arizona Rule of Criminal Procedure 20 following the State's presentation of the case. The court denied the motion as to Count One, but granted the motion as to the

felony portions of Counts Two and Three, allowing the jury to consider them only as misdemeanors. The jury convicted Chee of manslaughter and two counts of misdemeanor endangerment.

¶7        The trial court sentenced Chee to the presumptive term of 10.5 years' imprisonment on Count One, with presentence credit for 4 days served, and credit for time served on Counts Two and Three. Chee timely appealed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

¶8        All proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, Chee was at all times represented by counsel and was present at all critical stages of the proceedings including the entire trial and the verdict. *See State v. Conner*, 163 Ariz. 97, 104 (1990) (right to counsel at critical stages); *State v. Bohn*, 116 Ariz. 500, 503 (1977) (right to be present at critical stages). At trial, the jury was properly comprised of eight jurors, and the record shows no evidence of juror misconduct. *See* A.R.S. § 21-102; Ariz. R. Crim. P. 18.1(a). The trial court properly instructed the jury on the elements of the charged offenses, the State's burden of proof, and Chee's presumption of innocence. At sentencing, Chee was given an opportunity to speak, and the court stated on the record the evidence and materials it considered and the factors it found in imposing the sentences. *See* Ariz. R. Crim. P. 26.9, 26.10. Additionally, the sentences imposed were within the statutory limits. *See* A.R.S. §§ 13-701 through -709 (as applicable).

¶9        Our review reveals no fundamental error. *See Leon*, 104 Ariz. at 300 ("An exhaustive search of the record has failed to produce any prejudicial error.").

## CONCLUSION

¶10        We have reviewed the entire record for reversible error and find none; therefore, we affirm Chee's convictions and sentences.

¶11        Defense counsel's obligations pertaining to Chee's representation in this appeal have ended. Defense counsel need do no more than inform Chee of the outcome of this appeal and her future options, unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). On this court's motion, Chee has 30 days from the

date of this decision to proceed, if she wishes, with an *in propria persona* motion for reconsideration or petition for review.

