570 P.2d 187

**STATE of Arizona, Appellee,**

v.

**Phillip Edward BOHN, Appellant.**

**No. 3649.**

Supreme Court of Arizona, In Banc.

Sept. 22, 1977.

Bruce E. Babbitt, Atty. Gen., William J. Schafer, III, Chief Counsel, Crim. Div., Teresa S. Thayer, Asst. Attys. Gen., Phoenix, for appellee.

Gerald F. Moore, Phoenix, for appellant.

GORDON, Justice:

Appellant was convicted of possession of heroin in violation of A.R.S. § 36–1002. On appeal, three issues were raised, the primary being whether due process of law requires disclosure of the identity of a confidential informant. We take jurisdiction pursuant to 17A A.R.S.Sup.Ct. Rules, rule 47(e).

■ On November 6, 1974 a search warrant was issued for a motel room in Phoenix, Arizona.[1] The police officer who sought the warrant based the statements in his affidavit on information received from an informant which indicated that three men, whose descriptions were given, were at the address specified. The men were alleged to be in possession of heroin and selling the substance. The officer-affiant swore that the informant's knowledge was based on personal observations.

The search warrant was executed the day it was issued. When the police entered the motel room three men were present. Appellant was in the bathroom, partially clothed. The officer observed a fresh puncture and blood on the inside of the appellant's right elbow. Miranda[2] warnings were given from a standard rights card, and appellant admitted to use of heroin. At trial the officer testified "I asked him if he sold, or whether he just used? Mr. Bohn stated he just used what he had." One of the other men, was stuffing a bag containing balloons of heroin into a shoe which he held when the police entered. Paraphernalia associated with drug use were also found in the room, and $213.00 found under a mattress was claimed by appellant. This, in large part, was the evidence which led to appellant's conviction.

The other men, also charged, denied possession of the heroin. Since they presumably could not testify at appellant's trial without incriminating themselves, appellant turned to the informant for testimony concerning details of possession of heroin in the motel room as the confidential informant had witnessed it. Although the trial judge repeatedly ruled in favor of the officer's refusal to say exactly when the informant was in the motel room, appellant knew that the informant's information had been acquired within 48 hours of the issuance of the search warrant. The trial judge also upheld the officer's assertion of privilege as to the informant's identity.

From the record, it is clear that the informant was not present when the officers searched the motel room, and appellant does not even suggest that the informant could testify who owned or possessed the heroin found. Hence the informant was not shown to have been a witness to the criminal acts here charged or to material

---

1. Appellant was originally charged with possession of heroin for sale, but this charge was dismissed after remand from Superior Court to Justice Court. Appellant was convicted on re-

trial after one mistrial and was sentenced to serve two to ten years in prison.

2. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

facts on the issue of guilt. Because of these determinative facts, our recent decision of *State v. Altamirano*, 116 Ariz. 291, 569 P.2d 233 (Filed September 13, 1977) controls the outcome of the disclosure issue. Accordingly we hold the suppression of the informant's identity did not deprive appellant of a fair trial.

Two other issues are raised by appellant: (1) Did the prosecution commit reversible error in his suggestion to the jury that appellant was guilty of crimes other than those charged, and (2) Was reversible error committed when the trial court did not make a factual determination that defendant voluntarily waived his right to be present at trial?

■ Appellant contends that the County Attorney committed error which compels reversal of the conviction when, in closing argument, he intimated that heroin sale was part of the overall crime. The County Attorney said:

"The defense has said, 'Well, he told the police he is just dropping through for a fix.' He is dropping into a room where heroin is being sold. That's not before you here, this is possession. This isn't possession for sale, or sale of heroin, but I will suggest to you, if any heroin is being sold in that room, you ask yourselves, when you go back to the jury room, 'Who was doing the selling?' Was it the two guys in the street clothes, or was it the guy walking around in his underwear, with all his personal effects scattered throughout the room? Or maybe, ask yourselves, maybe all three of them were in on it?"

\* \* \* \* \* \*

"For whatever reason the money is there. We know, I guess defense counsel mentioned that some selling was going on in there. I tell you one thing, the only person that claimed the money was the defendant."

This argument was in rebuttal to the following defense closing argument:

"The fact that Phillip Bohn went into No. 10, to buy some heroin, bought some heroin, injected it in his veins, the police knock down the door, and catch him and he said, 'I just came to shoot up.' That's what he said. And, I think that's what he did. And, I think you can infer that that's what he did. You can't convict him for what he shot up with."

Defense counsel moved for a mistrial, later denied, based on the prosecution's argument; the County Attorney asserted the defense comments had opened the door excusing such comments by the prosecution.

The state's comments did not breach the limits of propriety for a closing argument. Generally, one may draw inferences from the evidence presented at trial. *State v. King*, 110 Ariz. 36, 514 P.2d 1032 (1973). The facts in evidence disclosed that while appellant claimed the $213.00 under the mattress, he denied ownership of the heroin, claiming he was merely at the scene to purchase. One inference which may be drawn from this evidence is that appellant had been selling heroin, and, therefore was the possessor of the remaining drugs. This inference clearly is relevant to counter appellant's defense of just dropping in, sans heroin. Although the implication that appellant might be a seller of heroin could create animosity against appellant, we note the County Attorney emphasized "This is possession. This isn't possession for sale, or sale of heroin \* \* \*." Furthermore, the Court had already admonished the jurors not to treat the arguments of counsel as evidence and to disregard any comments with no basis in the evidence. Presumably the jurors were capable of distinguishing the issue before them, and of heeding the trial judge's directions, which related solely to the law of possession. Consequently, we find no error. *State v. King*, supra; *See also*, *State v. Tinghitella*, 108 Ariz. 1, 491 P.2d 834 (1971).

The final issue that appellant has raised relates to the propriety of proceeding to trial without having determined that appellant voluntarily waived his right to be

present at trial. 17 A.R.S. Rules of Crim. Proc., Rule 9.1.

When appellant was arraigned on December 22, 1975, trial was set for March 9, 1976. At the time appellant was released on his own recognizance, the release order included the following clear warning to him:

"You have a right to be present at your trial and a number of other proceedings of which you will be notified. If you do not appear at the time set by the court, a warrant will be issued for your arrest and the proceeding will begin without you."

Although the law in Arizona appears to deal clearly with this, appellant alleges that due process requires the trial court on its own volition to hold a hearing to determine whether appellant in fact voluntarily absented himself from trial even though he was warned proceedings would begin without him. It is basic that a defendant has a right to be present at every critical stage of his trial, but this right can be waived. When notice is provided like that referred to above, the trial court may presume a defendant's absence is voluntary, and the burden is on the defendant to demonstrate otherwise. 17 A.R.S. Rules of Criminal Procedure, Rule 9.1, and comment thereto; *State v. Goldsmith*, 112 Ariz. 399, 542 P.2d 1098 (1974).

Judgment of conviction and sentence affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and HOLOHAN, JJ., concur.