NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

CHRISTOPHER JESUS ARRIAGA, *Appellant.*

No. 1 CA-CR 19-0152
FILED 4-7-2020

Appeal from the Superior Court in Maricopa County
No. CR2017-151246-001
The Honorable Marvin L. Davis, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Scott L. Boncoskey
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge David B. Gass delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge David D. Weinzweig joined.

---

**G A S S**, Judge:

**¶1**         Christopher Arriaga (Arriaga) appeals his convictions and sentences for one count of aggravated assault and one count of resisting arrest. After searching the entire record, Arriaga's counsel identified no arguable, non-frivolous question of law. Arriaga's counsel, therefore, asked this court to search the record for fundamental error in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). After reviewing the entire record, this court finds no error. Accordingly, this court affirms Arriaga's convictions and sentences.

### FACTUAL AND PROCEDURAL HISTORY

**¶2**         In September 2016, Arriaga was in a park near his high school where a fight was supposed to happen. Veronica Castro (Castro), an eyewitness who testified at trial, was waiting for her daughter at the same park when she saw the fight break out. Castro called 911, and soon afterward Detective Skinner (Skinner) arrived at the park.

**¶3**         Arriaga, Castro, and Skinner all testified to slightly different versions of what occurred once Skinner arrived at the park. All three, however, stated Arriaga and Skinner got into an altercation, ending with them rolling around on the ground as Arriaga struggled to break free from Skinner. While this was happening, Skinner yelled at Arriaga to "stop resisting." Shortly after the altercation began, more police officers arrived and helped Skinner handcuff Arriaga.

**¶4**         On January 19, 2018, the State indicted Arriaga on two counts: (1) aggravated assault, a class 5 felony, and (2) resisting arrest, a class 6 felony. In October 2018, Arriaga participated in a settlement conference during which the state offered him a diversion plea deal. Arriaga rejected this offer and elected to go to trial.

**¶5**         At the end of the state's case, the superior court denied Arriaga's motion for a directed verdict on both counts. The superior court

also denied Arriaga's requested jury instruction on simple assault under A.R.S. § 13-1203(A)(3) because it would be too confusing for the jury.

**¶6** The jury found Arriaga guilty on both counts. At sentencing, the superior court found Arriaga had no criminal history prior to these offenses, and no aggravating or mitigating factors. The superior court suspended the imposition of sentence on both counts and placed Arriaga on two years' supervised probation. Arriaga was ordered to pay a $35 monthly probation service fee, a one-time $2 Victim Rights Enforcement assessment on each count, and a one-time $20 Probation assessment on each count. Count 2 was left as an undesignated felony.

**¶7** Arriaga timely appealed. This court has jurisdiction under A.R.S. §§ 12-120.21(A)(1), 13-4031, and 13-4033(A)(1).

## ANALYSIS

**¶8** This court conducted a thorough review of the record, which failed to demonstrate any fundamental error. *See Leon*, 104 Ariz. at 300.

**¶9** A person is guilty of aggravated assault if "the person commits the assault knowing or having reason to know that the victim is . . . [a] peace officer." A.R.S. § 13-1204(A)(8)(a). A person is guilty of resisting arrest "by intentionally preventing or attempting to prevent a person reasonably known to him to be a peace officer, acting under color of such peace officer's official authority, from effecting an arrest by . . . [u]sing or threatening to use physical force against the peace officer." A.R.S. § 13-2508(A)(1). The record contains sufficient evidence for a reasonable juror to find Arriaga guilty of the charged offenses beyond a reasonable doubt.

**¶10** All the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. The record shows Arriaga was present for and represented by counsel at all critical stages of the proceedings. *See State v. Bohn*, 116 Ariz. 500, 503 (1977); *State v. Conner*, 163 Ariz. 97, 104 (1990). The jury was properly comprised of eight jurors and two alternates. *See* A.R.S. § 21-102(B). The record shows no evidence of jury misconduct. The superior court properly instructed the jury on the elements of the charged offenses, the State's burden of proof, and Arriaga's presumed innocence. Additionally, Arriaga was given an opportunity to speak at sentencing, and the superior court acted within its discretion to suspend the imposition of sentence and place Arriaga on probation. *See* Ariz. R. Crim. P. 26.9, 26.10(b)(1); A.R.S. §§ 13-702(D), 13-901.

**CONCLUSION**

**¶11**      Arriaga's convictions and sentences are affirmed.

**¶12**      Defense counsel's obligations pertaining to Arriaga's representation in this appeal have ended. Defense counsel need do no more than inform Arriaga of the outcome of this appeal and his future options, unless, upon review, counsel finds an issue appropriate for submission to our supreme court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984).

**¶13**      Arriaga has thirty days from the date of this decision to proceed, if he wishes, with an *in propia persona* petition for review. *See* Ariz. R. Crim. P. 31.21. This court, on its own motion, also grants Arriaga thirty days from the date of this decision to file an *in propia persona* motion for reconsideration. *See* Ariz. R. Crim. P. 31.20.



AMY M. WOOD • Clerk of the Court
FILED:  AA

4