NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

FRANK NUNEZ, *Appellant.*

No. 1 CA-CR 20-0165
FILED 12-31-2020

Appeal from the Superior Court in Maricopa County
No.  CR2018-0138855-001
The Honorable Joseph P. Mikitish, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Lawrence S. Matthew
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Presiding Judge Jennifer M. Perkins delivered the decision of the Court, in which Judge David B. Gass and Judge Michael J. Brown joined.

_____

**P E R K I N S**, Judge:

¶1        Frank Nunez appeals his conviction and sentence for second degree burglary. After searching the record, Nunez's defense counsel identified no arguable question of law that is not frivolous. Therefore, in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), defense counsel asks this Court to search the record for fundamental error. Nunez filed a supplemental brief. After reviewing the entire record, we reject the arguments raised in Nunez's supplemental brief and find no error. We affirm his conviction and sentence.

¶2        In August 2018, Nunez came to Doris and Fred Lopez's door asking for work. Doris described Nunez as a thin man with gray hair, wearing an all-black outfit and carrying a black knapsack. After Fred turned him away, Nunez walked two houses down and then knocked on C.T.'s door. Nunez stood in front of C.T.'s house for several minutes before entering the backyard.  Fred drove to C.T.'s house and parked on the street to get a closer look. Fred saw the arcadia door open in the backyard, so he called C.T. and 911. Fred observed Nunez exiting the house with a duffle bag. C.T. called another neighbor, who joined Fred in following Nunez.

¶3        A Glendale Police sergeant arrived at C.T.'s house and saw Nunez fleeing the scene. Nunez threw two bags over a fence before the sergeant apprehended him. Another officer searched Nunez, finding Nunez's wallet, jewelry, coins, and a pocketknife. Nunez admitted to not owning the pocketknife, jewelry, or coins. A detective also retrieved the two bags that Nunez threw over the fence. The bags contained holsters, coins, ammunition, a magazine, and two handguns. C.T.'s wife, R.T., claimed ownership of the guns, jewelry, coins, and pocketknife.  She clarified that Nunez did not have permission to enter the home or take any items. And police noticed some damage to the master bedroom doorframe and that items were scattered about the bedroom.

¶4        The State charged Nunez with second degree burglary, a class 3 felony, and misconduct involving weapons, a class 4 felony. The State

alleged prior felony convictions and aggravating circumstances. The superior court ordered a bifurcated trial on the two charges to minimize any risk that Nunez's prior felony convictions would prejudice the jury.

¶5        The case proceeded to a jury trial on the burglary charge. The police officer, sergeant, and detective testified, as well as the Lopezes and R.T. Nunez did not testify. The jury found Nunez guilty as charged but did not find either aggravating circumstance.

¶6        Before the second trial began, Nunez pled guilty to misconduct involving weapons, with one prior felony conviction, and stipulated to a 4.5-year sentence. Nunez's prior conviction noted in the plea deal was for shoplifting, a class 6 felony, from January 11, 2001. Before sentencing, the State presented evidence that Nunez's fingerprints on his Department of Corrections packet matched his fingerprints taken after the burglary. The court found that the State proved Nunez's historical prior felony convictions and classified him as a category three repetitive offender. Nunez had prior felony convictions from 2000 for second degree burglary, a class 3 felony, and shoplifting, a class 6 felony. Nunez was sentenced to mitigated terms of 8.5 years for burglary and 4.5 years for misconduct involving weapons, to run concurrently. Nunez also had thirty-four days of pre-incarceration credit. Nunez timely appealed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 13-4031, and -4033(A)(1).

¶7        The record reveals sufficient evidence from which the jury could determine, beyond a reasonable doubt, that Nunez is guilty of second degree burglary. The record reflects that the superior court afforded Nunez all of his constitutional and statutory rights and that the proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure. Nunez was represented by counsel at all stages of the proceedings and he was present at all critical stages. *See State v. Conner*, 163 Ariz. 97, 104 (1990) (right to counsel); *see also State v. Bohn*, 116 Ariz. 500, 503 (1977) (right to be present at critical stages). Nunez had the opportunity to speak during sentencing. The court stated on the record the factors it considered in imposing the sentence. *See* Ariz. R. Crim. P. 26.9, 26.10.

¶8        Nunez's supplemental brief challenges his sentence on two grounds. Nunez claims the superior court erred in sentencing him as a category three repetitive offender because one of his prior convictions was too distant in time to qualify as a historical prior felony conviction under A.R.S. §§ 13-105(22) and -703. He also argues the superior court improperly

"aggravated" his sentence despite the court sentencing him to a less-than-minimum term.

¶9        For a defendant to be sentenced as a category three repetitive offender, the defendant must have two or more "historical prior felony convictions." A.R.S. § 13-703(C). Historical prior felony convictions include certain class 2 or 3 felonies committed "within the ten years immediately preceding the date of the present offense" and certain class 4, 5, or 6 felonies committed "within the five years immediately preceding the date of the present offense." A.R.S. § 13-105(22)(b), (c). A defendant's time spent incarcerated is excluded from the calculation. *Id.*

¶10        Nunez committed the first burglary on June 1, 2000 and was sentenced on January 11, 2001. Nunez left prison on November 25, 2009. He committed the second burglary on August 7, 2018. Excluding incarceration, the time between the first and second burglaries is approximately 9 years and 3 months, qualifying the first conviction as a historical prior felony conviction. *See* A.R.S. § 13-105(22)(b). The second historical prior felony conviction was simply the misconduct involving weapons charge to which Nunez pled guilty. Thus, Nunez had the requisite number of historical prior felony convictions to qualify as a category three repetitive offender.

¶11        Turning to Nunez's second argument, we find no error in the superior court's sentencing. The trial court must consider all mitigating evidence, but "the weight to be given any factor asserted in mitigation falls within the trial court's sound discretion." *State v. Vermuele*, 226 Ariz. 399, 403, ¶ 15 (App. 2011). Neither the jury nor the superior court found any aggravating circumstances. But the court did find two circumstances warranting a mitigated sentence. *See* A.R.S. § 13-703(G). Nunez's 8.5-year sentence falls between the mitigated term of 7.5 years and minimum term of 10 years. *See* A.R.S. 12-703(J) (the sentencing tables denote ranges of possible sentences).

¶12        This Court has read counsel's brief and searched the record for reversible error but has found none. *Leon*, 104 Ariz. at 300; *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). Accordingly, we affirm Nunez's conviction and sentence.

¶13        Defense counsel's obligations pertaining to Nunez's representation in this appeal have ended. Counsel need do no more than inform Nunez of the outcome of this appeal and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140

Ariz. 582, 584–85 (1984). On the court's own motion, Nunez has thirty days from the date of this decision to proceed, if he wishes, with a pro per motion for reconsideration. Nunez also has thirty days from the date of this decision to proceed, if he wishes, with a pro per petition for review.



AMY M. WOOD • Clerk of the Court
FILED:        JT