NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

TREVOR DAVID MISSELL, *Appellant*.

No. 1 CA-CR 21-0222
FILED 2-24-2022

Appeal from the Superior Court in Yavapai County
No.  P1300CR201900598
The Honorable Debra R. Phelan, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Kenneth S. Countryman PC, Tempe
By Kenneth S. Countryman
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge Cynthia J. Bailey and Judge Maria Elena Cruz joined.

---

**P E R K I N S**, Judge:

**¶1**      Trevor David Missell timely appealed in accordance with *Anders v. California,* 386 U.S. 738 (1967) and *State v. Leon,* 104 Ariz. 297 (1969), following his convictions for possession or use of dangerous drugs, a class four felony, and possession of drug paraphernalia, a class six felony. Missell's counsel has searched the record and found no arguable question of law that is not frivolous. *See Anders*, 386 U.S. at 744; *see also State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). Missell did not file a *pro per* supplemental brief.

**¶2**      Our obligation is to review the entire record for reversible error, *Clark*, 196 Ariz. at 537, ¶ 30, viewing the evidence in the light most favorable to sustaining the convictions and resolving all reasonable inferences against Missell. *See State v. Guerra*, 161 Ariz. 289, 293 (1989). After reviewing the entire record, we find no error. We affirm his convictions.

### FACTUAL AND PROCEDURAL BACKGROUND

**¶3**      In April 2019, officers Mathis and Loughmiller responded to reports of suspicious activity in a backyard shed. Missell's father permitted the officers to enter his backyard to investigate. The officers knocked on the shed door, and Missell answered. Missell explained to the officers that the shed is his bedroom. After receiving Missell's permission to enter, Loughmiller saw a red straw, a cutting tool, and a rectangular mirror partially covered with white residue, on a table in plain view. Loughmiller recognized those items as drug paraphernalia associated with methamphetamine use. After Mathis read him his *Miranda* rights, Missell admitted he used methamphetamine earlier that day. He also admitted he had some methamphetamine under his table.

**¶4**      The superior court denied Missell's pretrial motion to suppress all evidence seized from his shed. The case proceeded to a jury trial on two counts: possession or use of dangerous drugs (methamphetamine), a class 4 felony, and possession of drug paraphernalia

(methamphetamine), a class 6 felony. The State presented testimony from both Mathis and Loughmiller. The jury found Missell guilty of both counts and the court suspended the sentences and imposed three years' supervised probation.

## DISCUSSION

**¶5**        The record reveals sufficient evidence upon which the jury could determine, beyond a reasonable doubt, that Missell is guilty of the charged offenses. The record further reflects that all proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure, that Missell was represented by counsel at all stages of the proceedings, and that he was present at all critical stages. *See State v. Conner,* 163 Ariz. 97, 104 (1990) (right to counsel); *see also State v. Bohn,* 116 Ariz. 500, 503 (1977) (right to be present at critical stages). Missell had the opportunity to speak during sentencing and the superior court stated on the record the factors it considered before imposing sentences within the statutory limits. *See* A.R.S. §§ 13-704, -3407(A)(1), -3407(C), -3415(A); *see* also Ariz. R. Crim. P. 26.9, 26.10.

## CONCLUSION

**¶6**        We have reviewed the entire record for arguable issues of law and find none. We therefore affirm Missell's convictions and resulting sentences. *See Leon,* 104 Ariz. at 300–01.

**¶7**        Defense counsel's obligations pertaining to Missell's representation in this appeal have ended. Counsel must only inform Missell of the outcome of this appeal and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Missell has thirty days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.

