NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

FRANCISCO RAY MUNOZ, *Appellant.*

No. 1 CA-CR 21-0365
FILED 5-5-2022

Appeal from the Superior Court in Maricopa County
No. 2020-125660-001
The Honorable Laura Johnson Giaquinto, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Deputy Legal Defender, Phoenix
By Cynthia D. Beck
*Counsel for Appellant*

Francisco Ray Munoz, San Luis
*Appellant*

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge David D. Weinzweig and Judge Brian Y. Furuya joined.

**P E R K I N S**, Judge:

**¶1**          Francisco Ray Munoz timely appealed in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969), following his conviction for misconduct involving weapons, a class four felony. Munoz's counsel has searched the record and found no arguable question of law that is not frivolous. *See Anders*, 386 U.S. at 744; *see also State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). Munoz filed a *pro per* supplemental brief.

**¶2**          Our obligation is to review the entire record for reversible error, *Clark*, 196 Ariz. at 537, ¶ 30, viewing the evidence in the light most favorable to sustaining the convictions and resolving all reasonable inferences against Munoz. *See State v. Guerra*, 161 Ariz. 289, 293 (1989). After reviewing the entire record, we have found no reversible error. We affirm Munoz's convictions but modify his pre-sentence incarceration credit.

## FACTUAL AND PROCEDURAL BACKGROUND

**¶3**          In June 2020, officers Joseph McGehee and Michael Fernandez responded to a report of domestic violence. The victim told the officers that Munoz threatened her with a gun. The victim described Munoz's physical appearance to the officers and told them Munoz left on a bicycle. The officers quickly contacted Munoz and found a loaded handgun in his waistband. The officers seized the handgun and detained Munoz.

**¶4**          Officer Lindo arrived on scene soon after and asked Munoz who the handgun belonged to, how long he had it, and whether he knew if he was allowed to possess a firearm. Nothing in the record indicates any of the officers informed Munoz of his *Miranda* rights before Lindo's questioning. Munoz responded that someone else owned the handgun, that he had only possessed it for one day, and that he knew his right to possess a firearm had not been restored since his previous felony conviction.

**¶5**          The State charged Munoz with three counts: (1) aggravated assault, a class three felony; (2) misconduct involving weapons, a class four felony; and (3) assault, a class two misdemeanor. The court bifurcated the case, scheduling separate trials for count two and counts one and three. The State first tried Munoz on count two.

**¶6**          Both McGehee and Lindo testified. Detective Roman Narbaez and forensic scientist Amy Griffin also testified. Narbaez collected Munoz's fingerprints, which Griffin matched to the fingerprints on Munoz's

previous felony conviction record. Jessica Ellefritz, a criminal intelligence analyst, testified the handgun was operable.

**¶7**  The jury convicted Munoz on count two. Munoz then pled guilty to count one, which the State amended to disorderly conduct, a class six dangerous felony. The superior court dismissed count three. The court sentenced Munoz to 6.5 years' imprisonment for misconduct involving weapons, and 2.25 years' imprisonment for disorderly conduct. The court ordered Munoz's sentences to run concurrently, and he received 124 days of pre-incarceration credit for both counts. The court later amended the pre-incarceration credit on count one to 181 days but left the credit for count two unchanged.

## DISCUSSION

**¶8**  Our review revealed a possible *Miranda* violation, and the superior court erred when it amended Munoz's pre-incarceration credit, but we find no reversible error.

**¶9**  The record reflects that all proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure, that Munoz was represented by counsel at all stages of the proceedings, and that he was present at all critical stages. *See State v. Conner*, 163 Ariz. 97, 104 (1990) (right to counsel); *see also State v. Bohn*, 116 Ariz. 500, 503 (1977) (right to be present at critical stages).

**¶10**  During sentencing, the State filed and proved three prior felonies. Munoz had the opportunity to speak during sentencing and the superior court stated on the record the factors it considered before imposing a sentence within the statutory limits. *See* A.R.S. §§ 13-701, -703, -3102; *see also* Ariz. R. Crim. P. 26.9, 26.10.

## I.        Possible *Miranda* violation

**¶11**  Lindo questioned Munoz five minutes after the other officers detained him. The State introduced the exchange at trial. No record evidence indicates Munoz received *Miranda* warnings before answering Lindo's questions. Under *Miranda*, "the prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination." *Miranda v. Arizona*, 384 U.S. 436, 444 (1966).

**¶12** Possible *Miranda* violations are subject to a harmless error analysis. *State v. Rodriguez*, 186 Ariz. 240, 246 (1996). When the State introduces statements that may have been suppressed for violating *Miranda*, we review whether the remaining evidence of guilt was so overwhelming to be harmless beyond a reasonable doubt. *See State v. Zaid*, 249 Ariz. 154, 160, ¶ 22 (App. 2020).

**¶13** We hold the possible *Miranda* violation did not prejudice Munoz because the State introduced overwhelming evidence outside Munoz's statements to Lindo. McGehee testified he found the handgun, which Ellefritz deemed operable, in Munoz's waistband. And Griffin testified Munoz's fingerprints matched those on his previous felony conviction record.

**¶14** There is overwhelming evidence Munoz knowingly possessed a deadly weapon while a prohibited possessor. *See* A.R.S. § 13-3102(A)(4); *see also State v. Gonsalves*, 231 Ariz. 521, 523, ¶ 9 (App. 2013) ("Actual possession means a defendant knowingly exercised direct physical control over an object."). The statute requires only "that a defendant knowingly possessed the firearm, not that he knew he was a prohibited possessor." *State v. Holmes*, 250 Ariz. 311, 316, ¶ 16 (App. 2020). Admission of Munoz's non-*Mirandized* statements thus constituted harmless error.

## II. Munoz's supplemental brief

**¶15** Munoz argues he was denied due process because the superior court gave him only five minutes to decide whether to accept a plea. He argues this time constraint pressured him into trial. He also argues the plea negotiations violated Rule 17.4(a)(2) because trial Judge Giaquinto presided over the settlement conference.

**¶16** Munoz's brief misstates the facts. The "settlement conference" to which Munoz refers was the trial procedure conference. Rule 17.4(a)(2) states that during plea negotiations, the trial judge may only participate in plea discussions if the parties consent. Otherwise, another judge must oversee plea discussions. Ariz. R. Crim. P. 17.4(a)(2). At the conference, defense counsel stated that the actual settlement conference occurred with Commissioner Allen. And Munoz admitted at the trial procedure conference that he had a prior opportunity to discuss the plea deal with his attorney and attended the settlement conference. The court also noted Munoz spent 90 minutes earlier that day discussing the plea deal with his attorney. The "five minutes" Munoz references is the final recess

the court offered Munoz to consider and sign the plea deal. The court then reviewed the plea agreement with Munoz. When the court asked Munoz for his plea, he responded "not guilty." The court then continued with trial procedures. We find no error.

### III.        Pre-incarceration credit

¶17        In September 2021, the superior court amended Munoz's sentencing order to reflect his 181 days of pre-incarceration credit. But the amended order only applied to count one, as amended. Under A.R.S. § 13-712(B), a defendant is entitled to pre-sentence incarceration credit for "[a]ll time actually spent in custody pursuant to an offense" until the defendant is sentenced to imprisonment. The court thus erred by not applying Munoz's pre-incarceration credit to both sentences. We accordingly modify Munoz's pre-incarceration credit for his misconduct involving weapons conviction to 181 days.

### CONCLUSION

¶18        We have reviewed the entire record for arguable issues of law and find none. We therefore affirm Munoz's conviction and resulting sentence as modified. *See Leon*, 104 Ariz. at 300–01.

¶19        Defense counsel's obligations pertaining to Munoz's representation in this appeal have ended. Counsel must only inform Munoz of the outcome of this appeal and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Munoz has thirty days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:    AA