NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JAY DEE BEATTE, JR., *Appellant.*

No. 1 CA-CR 21-0513
FILED 7-19-2022

Appeal from the Superior Court in Mohave County
No. S8015CR201600440
The Honorable Douglas Camacho, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Janelle A. McEachern Attorney at Law, Chandler
By Janelle A. McEachern
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

---

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge David D. Weinzweig and Judge Brian Y. Furuya joined.

---

**P E R K I N S**, Judge:

**¶1**        Jay Dee Beatte, Jr., timely appealed in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969), following his conviction for molestation of a child, a class two felony. Beatte's counsel has searched the record and found no arguable question of law that is not frivolous. *See Anders*, 386 U.S. at 744; *see also State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). Beatte did not file a *pro per* supplemental brief.

**¶2**        Our obligation is to review the entire record for reversible error, *Clark*, 196 Ariz. at 537, ¶ 30, viewing the evidence in the light most favorable to sustaining the conviction and resolving all reasonable inferences against Beatte. *See State v. Guerra*, 161 Ariz. 289, 293 (1989). After reviewing the entire record, we find no error and affirm his conviction.

**FACTUAL AND PROCEDURAL BACKGROUND**

**¶3**        In 2009, Bullhead City police received a report that during an interview with Texas police, Beatte confessed to molesting the Victim while in Bullhead City. Seven years later, a Grand Jury indicted Beatte for two offenses: count one—sexual assault of a minor under 12 by domestic violence, a class two felony; and count two—sexual conduct with a minor by domestic violence, a class two felony. The superior court later dismissed count one with prejudice and the State amended count two to molestation of a child by domestic violence, a class two felony.

**¶4**        Beatte's first jury trial produced a guilty verdict, but the presiding juror expressed disagreement with that verdict. *See State v. Beatte*, 1 CA-CR 19-0503, 2020 WL 5950895, at *1–2, ¶¶ 1, 3–7 (Ariz. App. Oct. 8, 2020) (mem. decision). We vacated Beatte's conviction, *see id.* at *7, ¶ 33, and the State opted to retry him. Beatte moved to dismiss the child molestation count with prejudice, arguing Arizona law barred his untimely prosecution. The superior court denied his motion because class two sexual felonies "may be commenced at any time."

¶5        Upon retrial, the Victim testified that she met Beatte when he began dating her mother—she was eight or nine years old at that time. Beatte soon began molesting her. When the Victim was 11 years old, they all moved into a motel room in Bullhead City, and the molestation continued. Beatte put his fingers and mouth on and in her vagina while her mother slept in a nearby bed. The Victim also testified that this touching occurred on multiple occasions.

¶6        Garland, Texas detective Carlos Fernandez testified that he interviewed Beatte after Beatte's biological daughter reported he sexually abused her. In that interview, Beatte admitted he inappropriately touched Victim during their motel stay in Bullhead City. Beatte described the motel room incidents as a continuation of he and Victim's "touchy-feely thing"— his euphemism for touching Victim's vagina and performing "some oral sex."

¶7        Beatte testified that he lied about touching Victim during his interrogation with Fernandez. He claimed he disclosed a non-existent inappropriate relationship with Victim and perpetuated a lie for "leniency because [he] had seen [his] uncle go through this same thing." Beatte denied ever molesting Victim, including during their stay in Bullhead City.

¶8        The State withdrew the domestic violence allegation against Beatte. The jury found him guilty of molestation of a child, a dangerous crime against children in the first degree, and the superior court sentenced him to 28 years' imprisonment. Beatte received 1,199 days of pre-incarceration credit.

## DISCUSSION

¶9        The record reveals sufficient evidence by which the jury could determine, beyond a reasonable doubt, that Beatte is guilty of the charged offense. The record further reflects that all proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure, that Beatte was represented by counsel at all stages of the proceedings, and that he was present at all critical stages. *See State v. Connor*, 163 Ariz. 97, 104 (1990) (right to counsel); *see also State v. Bohn*, 116 Ariz. 500, 503 (1977) (right to be present at critical stages). Beatte had the opportunity to speak during sentencing and the superior court stated on the record the factors it considered before imposing a sentence within the statutory limits. *See* A.R.S. §§ 13-1410, -1401(A)(3), -604.01, -705(E), -801; *see also* Ariz. R. Crim. P. 26.9, 26.10.

## CONCLUSION

**¶10**  We have reviewed the entire record for arguable issues of law and find none. We therefore affirm Beatte's conviction and resulting sentence. *See Leon*, 104 Ariz. at 300–01.

**¶11**  Defense counsel's obligations pertaining to Beatte's representation in this appeal have ended. Counsel must only inform Beatte of the outcome of this appeal and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Beatte has 30 days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.

