NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

MICHAEL GABRIEL DARRAGH, *Appellant.*

No. 1 CA-CR 21-0453
FILED 9-13-2022

Appeal from the Superior Court in Maricopa County
No. CR2017-142512-001
The Honorable Frank W. Moskowitz, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Thomas K. Baird
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Angela K. Paton delivered the decision of the Court, in which Presiding Judge Maria Elena Cruz and Judge Peter B. Swann joined.

**P A T O N**, Judge:

¶1        In accordance with *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969), Michael Gabriel Darragh appeals his conviction for burglary in the second degree.  Darragh's counsel searched the record and found no arguable, non-frivolous question of law.  *See Anders,* 386 U.S. at 744.  Darragh did not file a supplemental brief but asked his counsel to address two issues: (1) insufficient evidence to support his conviction, and (2) corruption of defense counsel, prosecution, judge, and jury.  We view the record in the light most favorable to sustaining the conviction and resolve all reasonable inferences against Darragh.  *See State v. Guerra*, 161 Ariz. 289, 293 (1989).  After reviewing the record, we find no error and reject the two arguments Darragh raised through counsel.  We affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        In September 2017, police responded to a call about a man in his mid-30s, walking across a golf course carrying two television screens.  Police stopped Darragh, who matched this description, and discovered a television remote, car keys, headphones, a Nintendo game system, a wristwatch, and a lighter, in his pockets.  Officers ran Darragh's driver's license and discovered that his previous address was in the vicinity of the golf course.  Police went to Darragh's formerly listed address and found "obvious clues" the house had been burglarized, such as an entertainment room with no television and hanging power cords indicating the television was removed.  Police then contacted the owner of the home, Darragh's mother, who told them her son did not have permission to enter the house or remove the items.

¶3        The grand jury indicted Darragh on one count of burglary in the second degree, a class three felony.  Darragh underwent four mental competency evaluations and was found competent to stand trial each time.  *See* Ariz. R. Crim. P. 11.  Following a three-day trial, the jury convicted Darragh of burglary in the second degree.  The State proved two historical prior felony convictions, and the court sentenced Darragh to a partially mitigated term of 7.5 years in prison with credit for 1,444 days served.

¶4        Darragh's attorney filed a late notice of appeal, and this court stayed that appeal to allow Darragh to file a motion for post-conviction relief under Arizona Rule of Criminal Procedure 32.1(f), which permits the superior court to extend the appeal deadline when a defendant's failure to file a timely notice of appeal was due to no fault of his own.  The superior

court granted Darragh's motion for post-conviction relief and extended the deadline for filing a notice of appeal. This appeal ensued. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4033(A)(1).

## DISCUSSION

**¶5** The record contains sufficient evidence from which the jury could determine beyond a reasonable doubt that Darragh was guilty of burglary in the second degree. Darragh's mother testified that she owned the items police recovered from Darragh and he did not have permission to enter her home and take the items. The record also reflects that (1) all proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure, (2) Darragh was represented by counsel at all stages of the proceeding, and (3) Darragh was present at all critical stages. *See State v. Conner*, 163 Ariz. 97, 104 (1990) (right to counsel); *see State v. Bohn*, 116 Ariz. 500, 503 (1997) (right to be present at critical stages).

**¶6** The jury was made up of eight properly instructed jurors. *See* A.R.S. § 21-102(B) (jury requirements). Darragh spoke during sentencing and the court stated the factors it considered before imposing a sentence within the statutory limit. *See* A.R.S. § 13-703; *see also* Ariz. R. Crim. P. 26.10(b)(1) (defendant's right to address the court at sentencing).

## CONCLUSION

**¶7** We have reviewed the entire record for arguable issues of law and find none. We thus affirm Darragh's conviction and sentence. *See Leon*, 104 Ariz. at 300-01.

**¶8** Defense counsel's obligations pertaining to Darragh's representation in this appeal have ended. Counsel must only inform Darragh of the outcome of this appeal and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Darragh will have thirty days from the date of this decision to proceed, if he desires, with a pro per motion for reconsideration or petition for review.