NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

EDWARD BERNARD MALONEY, *Appellant*.

No. 1 CA-CR 21-0401
FILED 11-1-2022

Appeal from the Superior Court in Yavapai County
No. V1300CR201680128
The Honorable Thomas K. Kelly, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

The Zickerman Law Office PLLC, Flagstaff
By Adam Zickerman
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Jennifer M. Perkins delivered the decision of the Court, in which Judge James B. Morse Jr. and Judge Michael J. Brown joined.

---

**P E R K I N S**, Judge:

**¶1**          Edward Bernard Maloney timely appealed the superior court's sentence in accordance with *Anders v. California*, 386 U.S. 738 (1967). Maloney's counsel has searched the record and found no arguable question of law that is not frivolous. *See Anders*, 386 U.S. at 744; *see also State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). Maloney filed a supplemental brief *in propria persona* seeking reversal of his conviction.

**¶2**          Our obligation is to review the entire record for reversible error, *Clark*, 196 Ariz. at 537, ¶ 30, viewing the evidence in the light most favorable to sustaining the convictions and resolving all reasonable inferences against Maloney. *See State v. Guerra*, 161 Ariz. 289, 293 (1989). After reviewing the record, we find no error.

**FACTS AND PROCEDURAL BACKGROUND**

**¶3**          In February 2016, detectives suspected that child pornography was being transmitted from an IP address in Cornville over a peer-to-peer file sharing network and subpoenaed the home's internet provider. Detectives discovered the IP address was associated with Georgia Flanagan's home in Cornville, Arizona ("Cornville Residence"). Flanagan was the named subscriber to the IP address. Officers conducted surveillance outside the residence and did not find vehicles licensed to anyone other than Flanagan. On March 3, 2016, officers obtained a warrant to search the home and inspect all computers within the home.

**¶4**          Flanagan informed the officers that she lived with Maloney and their daughter, and that Flanagan and Maloney had separate bedrooms. In Maloney's room, officers discovered mail addressed to Maloney at the Cornville Residence, a check made out to Maloney, and a laptop.

**¶5**          On the laptop, Homeland Security Investigations ("HSI") Special Agent Jeff Hexel discovered 160 images and videos classified as child abuse material; 35 images classified as child erotica or child

exploitive/age difficult; and known child pornography search terms. Flanagan testified the laptop belonged to Maloney. The videos were stored on a drive called "User Ed's." In one of the drive's folders, HSI agents found pictures of Maloney and his daughter and a certificate with Maloney's name on it. The agents also discovered bank records and tax documents with Maloney's name.

¶6　　　　Some of the files concerned Flanagan; for example, there were images of her in the hospital from when she gave birth to their daughter. But there were no other documents in the drive—like bank records or tax papers—bearing Flanagan's name. The folders in User Ed's drive were password-protected, and the computer had a malware program to block viruses. There was no evidence the computer had a virus.

¶7　　　　Flanagan testified that from June 2015 to March 2016, Maloney spent every night in his Cornville Residence bedroom. Flanagan also testified that she never spent time in Maloney's bedroom, and she did not recall her daughter ever using his bedroom. Maloney's father and cousin each visited the residence once, using Maloney's bedroom while Maloney slept on the couch. Flanagan did not recall the dates of when Maloney's father and cousin visited the residence.

¶8　　　　Maloney introduced evidence that he was living at an RV park in early 2016. He showed a deposit check from January 2015 and rent checks from January and February 2016. The RV park owner testified that he occasionally saw Maloney at the park but could not remember exactly when Maloney lived at the park.

¶9　　　　Maloney was indicted with 12 counts of sexual exploitation of a minor. During a four-day trial, the State offered testimony from Flanagan, Detective John Johnson (who obtained and served the search warrant), and HSI agents (who conducted the March 3, 2016 search). The State also offered testimony from Detective Chad Shilling (who analyzed the laptop) and Susan Clinton (who provided an age estimation report for the minors in the pornographic materials).

¶10　　　　After the State rested, the court informed Maloney of his right to testify, which he declined to invoke. To show he lived at the RV park, Maloney offered testimony from the RV park owner and two character witnesses. The jury unanimously found Maloney guilty on all counts.

¶11　　　　At sentencing, the court stated it found no aggravating factors and the following mitigating factors: Maloney had no prior criminal history; was a contributing member of his community; received community

and family support; had an employment history; and had a positive attitude. The court sentenced Maloney to consecutive 10-year prison terms for each of the 12 convictions and awarded him 178 days pre-sentence incarceration credit.

## DISCUSSION

**¶12**      The record reveals sufficient evidence supporting Maloney's convictions and sentences. The record also shows Maloney was represented by counsel at all critical stages of the proceedings. *See State v. Conner*, 163 Ariz. 97, 104 (1990) (right to counsel); *see also State v. Bohn*, 116 Ariz. 500, 503 (1977) (right to be present at critical stages). All proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure, and the sentences were within the statutory limits and permissible range. We find no reversible error and affirm Maloney's convictions and sentence.

**¶13**      Maloney filed a *pro per* motion for reconsideration on September 8, 2022. His motion arrived before this court issued any decision and is thus premature. We deny the motion.

## CONCLUSION

**¶14**      We have reviewed the entire record for arguable issues of law and find none. We therefore affirm the court's verdict and sentence.



AMY M. WOOD • Clerk of the Court
FILED:   AA