NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

BAUDEL ALEJANDRO BERMUDEZ, *Appellant*.

No. 1 CA-CR 22-0009
FILED 2-16-2023

Appeal from the Superior Court in Maricopa County
No. CR2015-106061-001
The Honorable Suzanne E. Cohen, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Oliverson & Huss Law, PLLC, Tempe
By David Greenberg
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge D. Steven Williams delivered the decision of the court, in which Presiding Judge David D. Weinzweig and Judge Randall M. Howe joined.

---

**W I L L I A M S**, Judge:

¶1        Baudel Bermudez appeals his convictions and sentences for two counts of child abuse. Bermudez's counsel filed a brief per *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), advising us there are no meritorious grounds for reversal. Bermudez was given an opportunity to file a supplemental brief *in propria persona* but did not do so. Our obligation is to review the entire record for reversible error, *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999), viewing the evidence in the light most favorable to sustaining the convictions and resolving all reasonable inferences against Bermudez, *State v. Guerra*, 161 Ariz. 289, 293 (1989). After reviewing the record, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2        While Bermudez watched his two children one day in 2015, his nine-week-old daughter sustained a head injury. Bermudez later stated that the infant rolled off of a couch and that he accidentally dropped her in the bathtub while bathing the children.

¶3        The day following the injury, the infant's mother asked about taking the infant to the emergency room. Bermudez assured her their daughter was fine.  But when the infant's condition worsened, Bermudez took the child to the emergency room himself.

¶4        Because of the severity of her injuries, the infant was transferred to a pediatric hospital.  The infant's skull was severely fractured, she had significant bleeding in her brain, and she had two fractured ribs. Medical personnel suspected child abuse and contacted police.

¶5        Detectives interviewed Bermudez several times. The State charged Bermudez with two counts of child abuse; one count for the initial injury and a second count for failing to seek medical care for several days. The case was tried to a jury in 2021.

**¶6** At trial, the State called medical professionals and biomechanical injury experts. They testified that the infant's injuries were not consistent with accidental falls, but instead resembled a scenario where the infant's head was slammed or crushed. Bermudez testified about his version of events leading up to his daughter's hospitalization. He also presented his own expert witnesses affirming his account. The jury convicted Bermudez as charged.

**¶7** An aggravation phase of the trial followed. The mother testified of her daughter's present condition and ongoing challenges. The jury saw the child, now six-years-old, in a wheelchair and unable to speak. And though the jury found aggravating factors, the trial court sentenced Bermudez to consecutive presumptive terms of 17 years' imprisonment after considering both aggravating and mitigating factors. A.R.S. § 13-705(P).[1] Bermudez timely appealed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

**¶8** A review of the record confirms that all proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. Bermudez was at all times represented by counsel and was present at all critical stages of the proceedings, including the trial and the verdict. *See State v. Conner*, 163 Ariz. 97, 104 (1990) (right to counsel at critical stages); *see also State v. Bohn*, 116 Ariz. 500, 503 (1977) (right to be present at critical stages). The jury appropriately consisted of twelve jurors, and the record shows no evidence of jury misconduct. A.R.S. § 21-102(A); Ariz. R. Crim. P. 18.1(a). The trial court properly instructed the jury of Bermudez's presumption of innocence, the State's burden of proof, and the elements of the charged offenses. At sentencing, Bermudez was given an opportunity to speak, and the court stated on the record the evidence and materials it considered and the factors it found in imposing the sentence. *See* Ariz. R. Crim. P. 26.9, 26.10. Additionally, the sentences imposed were within the statutory limits. *See* A.R.S. §§ 13-701 to -709 (as applicable).

**¶9** Our review reveals no fundamental error. *See Leon*, 104 Ariz. at 300 ("An exhaustive search of the record has failed to produce any prejudicial error.").

---

[1] We cite to the current version of the statute, but note that the relevant subsection at the time of sentencing was subsection N.

## CONCLUSION

**¶10** We have reviewed the entire record for reversible error and find none; therefore, we affirm Bermudez's convictions and sentences.

**¶11** Defense counsel's obligations pertaining to Bermudez's representation in this appeal have ended. Defense counsel need do no more than inform Bermudez of the outcome of this appeal and his future options, unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). On this court's motion, Bermudez has 30 days from the date of this decision to proceed, if he wishes, with an *in propria persona* motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AA

4