NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

JAQUAN L. BROWN, *Appellant*.

No. 1 CA-CR 23-0145
FILED 3-5-2024

Appeal from the Superior Court in Maricopa County
No. CR2021-001988-001
The Honorable Howard D. Sukenic, Judge, *Retired*

**AFFIRMED**

APPEARANCES

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Jesse Finn Turner
*Counsel for Appellant*

Jaquan L. Brown, Florence
*Appellant*

## MEMORANDUM DECISION

Presiding Judge D. Steven Williams delivered the Court's decision, in which Judge Samuel A. Thumma and Judge Paul J. McMurdie joined.

**W I L L I A M S**, Judge:

**¶1**        Defendant Jaquan L. Brown appeals his convictions and sentences for one count of molestation of a child and one count of sexual conduct with a minor. Brown's counsel filed a brief per *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), advising us there are no meritorious grounds for reversal. Brown filed a supplemental brief *in propria persona*. After reviewing the entire record for reversible error, *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999), including arguments raised in his supplemental brief, we affirm Brown's convictions and sentences.

## FACTUAL[1] AND PROCEDURAL HISTORY

**¶2**        In 2020, Brown (then twenty-one years old) met thirteen-year-old Sage[2] at an apartment complex where they both lived. The two began communicating through social media. Brown told Sage he was sixteen years old. Over the next several months, the two had sexual interactions three times according to Sage.

**¶3**        As to the first occurrence, Sage's mother saw Brown in between her daughter's legs while Sage was sitting on an electrical box outside of their apartment. The two were clothed. Sage's mother told Brown to get off of her daughter and that her daughter was only thirteen years old. Sage's mother called police but Sage refused to speak with them. Sage confronted Brown about his age and Brown admitted he was twenty-one years old.

**¶4**        After the second occurrence, Sage returned to the apartment with "hickeys" on her neck. Sage's mother called police. Police

---

[1] We view the facts in "the light most favorable to sustaining the convictions with all reasonable inferences resolved against the defendant." *State v. Valencia*, 186 Ariz. 493, 495 (App. 1996).

[2] Sage is a pseudonym used to protect the victim's privacy. *See* Ariz. R. Sup. Ct. 111(i).

photographed the hickeys but, once again, Sage refused to speak to law enforcement.

**¶5**        When Sage returned to the apartment after the third occasion, she and her mother got into an argument. Sage's mother sent her to a recovery treatment center. Several weeks later, Sage agreed to speak with police.

**¶6**        The State originally charged Brown with eight felonies, but later moved to dismiss two counts. Brown was tried by a jury on the remaining six counts—four counts of sexual conduct with a minor, each a class 2 felony; one count of molestation of a child, a class 2 felony; and one count of sexual abuse, a class 3 felony.

**¶7**        The jury convicted Brown of two felonies—molestation of a child and a single count of sexual conduct with a minor. He was acquitted on the remaining charges. The trial court sentenced Brown to twenty-five years' imprisonment (eleven years for molestation and fourteen years for sexual conduct, to run consecutively as required under A.R.S. § 13-705). The court gave Brown credit for fifty-four days of presentence incarceration.

**¶8**        This appeal followed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

**¶9**        Brown argues that given his "lack of capacity to appreciate the wrongfulness of his offense and his youthful age, 25 years of imprisonment is disproportionate to the offense and the offender," violating both Article II, Section 15, of the Arizona Constitution and the Eighth Amendment to the United States Constitution. Brown contends the "Judge [] did what he could to impose an appropriate punishment for [the] offense but his hands were tied by . . . statutory requirements."

**¶10**        Both the United States Supreme Court and our Arizona Supreme Court have squarely addressed sentencing outcomes through the lens of cruel and unusual punishment under the Eighth Amendment. *See Harmelin v. Michigan*, 501 U.S. 957 (1991); *Ewing v. California*, 538 U.S. 11 (2003); *State v. Berger*, 212 Ariz. 473, 475, ¶ 7 (2006). Because courts "accord substantial deference to the legislature and its policy judgments as reflected in statutorily mandated sentences," it is "exceedingly rare" for a prison sentence to be considered disproportionate under the Eighth Amendment. *Id.* at 476–77, ¶¶ 13, 17 (citation omitted). The court "first determines if there

is a threshold showing of gross disproportionality by comparing 'the gravity of the offense [and] the harshness of the penalty.'" *Id.* at 476, ¶ 12 (citation omitted). Only if this comparison leads to an inference of gross disproportionality will the court then consider the sentence imposed in Arizona on similar crimes and sentences imposed by other states. *Id.* (citation omitted).

¶11        Here, Brown was sentenced within the statutory range for his crimes and he has failed to make a threshold showing that his sentences are grossly disproportionate to his crimes. *See* A.R.S. §§ 13-701 through -718 (as applicable).

¶12        Further, our review reveals no fundamental error. *See Leon*, 104 Ariz. at 300 ("An exhaustive search of the record has failed to produce any prejudicial error."). All the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, Brown was represented by counsel at all stages of the proceedings and was present at all critical stages of the proceedings, except for a portion of the trial on October 13, 2022, and the restitution hearing, where counsel waived Brown's presence. *See State v. Conner*, 163 Ariz. 97, 104 (1990) (right to counsel at critical stages); *see also State v. Bohn*, 116 Ariz. 500, 503 (1977) (right to be present at critical stages).

¶13        The trial court properly instructed the jury on the elements of the charged offenses, the State's burden of proof, and Brown's presumption of innocence. The jury was comprised of twelve jurors with two alternates, and the record shows no evidence of juror misconduct. *See* A.R.S. § 21-102(A); Ariz. R. Crim. P. 18.1(a). At sentencing, Brown was given an opportunity to speak, and the court stated on the record the evidence and materials it considered in imposing the sentences. *See* Ariz. R. Crim. P. 26.9, 26.10.

## CONCLUSION

¶14        We affirm Brown's convictions and sentences.

4

**¶15** After this decision's filing, defense counsel's obligations in this appeal will end. Defense counsel need do no more than inform Brown of the outcome of this appeal and his future options, unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Upon this court's motion, Brown has thirty days from the date of this decision to proceed, if he wishes, with an *in propria persona* motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AA