NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

---

STATE OF ARIZONA, *Appellee*,

*v.*

SHERRY HALEY, *Appellant*.

No. 1 CA-CR 21-0206
FILED 7-19-2022

---

Appeal from the Superior Court in Yavapai County
No. V1300CR202080005
The Honorable Michael R. Bluff, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Saldivar & Associates, PLLC, Phoenix
By Jose Antonio Saldivar
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Presiding Judge D. Steven Williams delivered the decision of the court, in which Judge David B. Gass and Judge James B. Morse Jr. joined.

---

**W I L L I A M S**, Judge:

¶1         Sherry Haley appeals her convictions and sentences for resisting arrest, disorderly conduct, criminal damage, and domestic violence assault. Haley's counsel filed a brief per *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969) advising us there are no meritorious grounds for reversal. Haley was granted an opportunity to file a supplemental brief *in propria persona* but did not do so. Our obligation is to review the entire record for reversible error, *see State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999), viewing the evidence in a light most favorable to sustaining the convictions and resolving all reasonable inferences against Haley, *see State v. Guerra*, 161 Ariz. 289, 293 (1989). After reviewing the record, we affirm.

### FACTUAL AND PROCEDURAL HISTORY

¶2         In November 2019, Haley got into an altercation with her husband. During the argument, Haley knocked over the couple's flat-screen TV, damaging it. Her husband tried to calm Haley down by holding her arms, but she managed to break away. Haley then sprayed her husband with bear spray.

¶3         When police arrived, Haley remained combative. When officers attempted to handcuff Haley, she leaned forward and pulled away, tried to kick one of the officers, and stomped on the officer's foot. After a struggle, officers placed Haley under arrest.

¶4         A grand jury indicted Haley for aggravated assault on the officer, a Class five felony, (Count One) and resisting arrest, a Class six felony, (Count Two). Haley was also indicted on three misdemeanor domestic violence offenses: disorderly conduct, criminal damage, and assault on her husband (Counts Three, Four, and Five).

¶5         Haley underwent a Rule 11 (competency) evaluation and was found competent to stand for trial. After a two-day trial, the jury acquitted

Haley on Count One but convicted her on Count Two. The trial court found Haley guilty of all three misdemeanors.

¶6        The court suspended Haley's sentence on Count Two, placing her on three years of supervised probation with 30 days in jail as a term of probation, giving her two-days credit for time served. As for Counts Three, Four, and Five, the court sentenced Haley to two days in jail, again giving her two-days credit for time served.[1] Haley timely appealed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

¶7        All the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, Haley was represented by counsel at all stages of the proceedings and was present at all critical stages including the entire trial and the verdict. *See State v. Conner*, 163 Ariz. 97, 104 (1990) (right to counsel at critical stages) (citations omitted); *see also State v. Bohn*, 116 Ariz. 500, 503 (1977) (right to be present at critical stages). The jury was properly comprised of eight jurors for the two felony charges, and the record shows no evidence of juror misconduct. *See* A.R.S. § 21-102; Ariz. R. Crim. P. 18.1(a). The trial court properly instructed the jury on the elements of the charged offenses, the State's burden of proof, and Haley's presumption of innocence. At sentencing, Haley was given an opportunity to speak, and the court stated on the record the evidence and materials it considered and the factors it found in imposing the sentences. *See* Ariz. R. Crim. P. 26.9, 26.10. Additionally, the sentences imposed were within the statutory limits. *See* A.R.S. §§ 13-701 through -709 (as applicable).

¶8        Our review reveals no fundamental error. *See Leon*, 104 Ariz. at 300 ("An exhaustive search of the record has failed to produce any prejudicial error.").

## CONCLUSION

¶9        We have reviewed the entire record for reversible error and find none; therefore, we affirm Haley's convictions and sentences.

---

[1] The sentencing minute entry indicates Haley was sentenced to two days in jail on Counts Two, Three, Four, and Five, but also for 30 days in jail on Count Two as a term of probation.

**¶10** Defense counsel's obligations pertaining to Haley's representation in this appeal have ended. Defense counsel need do no more than inform Haley of the outcome of this appeal and her future options, unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). On this court's motion, Haley has 30 days from the date of this decision to proceed, if she wishes, with an *in propria persona* motion for reconsideration or petition for review.

