NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

COWAN LAMAR BROWN, *Appellant*.

No. 1 CA-CR 22-0093
FILED 8-25-2022

Appeal from the Superior Court in Maricopa County
No. CR2018-158216-001
The Honorable Margaret B. LaBianca, Judge

**AFFIRMED**

COUNSEL

Maricopa County Public Defender's Office, Phoenix
By Jennifer Roach
*Counsel for Appellant*

**MEMORANDUM DECISION**

Presiding Judge Jennifer M. Perkins delivered the decision of the Court, in which Judge James B. Morse Jr. and Judge Michael J. Brown joined.

**P E R K I N S**, Judge:

¶1          Cowan Lamar Brown timely appealed the superior court's restitution order in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969). Brown's counsel has searched the record and found no arguable question of law that is not frivolous. *See Anders*, 386 U.S. at 744; *see also State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). Brown did not file a supplemental brief in *propria persona*.

¶2          Our obligation is to review the entire record for reversible error, *Clark*, 196 Ariz. at 537, ¶ 30, viewing the evidence in the light most favorable to sustaining the convictions and resolving all reasonable inferences against Brown. *See State v. Guerra*, 161 Ariz. 289, 293 (1989). After reviewing the entire record, we find no error.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3          In June 2021, a jury found Brown guilty of second-degree murder, and the superior court sentenced Brown to 22 years' imprisonment with 932 days of pre-sentence incarceration credit. Brown waived his presence for future restitution hearings. The State later sought restitution to be paid to the victim's compensation bureau ("Bureau"), for Mother's transportation expenses and the victim's funeral. Brown's counsel did not object to the State's restitution documentation, which showed the Bureau paid $1,485.29 total to Mother, but the amount paid for the funeral was less than the total cost of the funeral.

¶4          A witness for the State testified about the Bureau's strict process, which verified the receipts and contracts between the funeral home and Mother. The State confirmed that the Bureau independently verifies whether there are other monies assisting Mother and takes these monies into account when calculating restitution. Brown's counsel noted the funeral amount paid to Mother was less than the total cost of the funeral, showing the Bureau took some of the monies Mother received from outside sources into account.

## DISCUSSION

¶5          The record reveals sufficient evidence upon which the judge could determine Brown is responsible for paying $1,485.29 in restitution. The record further reflects all proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure, Brown was represented by counsel at all stages of the proceedings, and he validly waived his right to be present at the hearing. *See State v. Conner*, 163 Ariz. 97, 104 (1990) (right

to counsel); *see also State v. Bohn*, 116 Ariz. 500, 503 (1977) (right to be present at critical stages).

## CONCLUSION

**¶6**        We have reviewed the entire record for arguable issues of law and find none. We therefore affirm the court's restitution order. *See Leon*, 104 Ariz. at 300–01.

**¶7**        Defense counsel's obligations pertaining to Brown's representation in this appeal have ended. Counsel must only inform Brown of the outcome of this appeal and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Brown has thirty days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.

