NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

GERALD DARNELL RICHARDSON, *Appellant.*

No. 1 CA-CR 22-0420
FILED 9-14-2023

Appeal from the Superior Court in Maricopa County
No.  CR2012-119295-001
The Honorable Bruce R. Cohen, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Bain & Lauritano, PLC, Glendale
By Amy E. Bain
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge D. Steven Williams delivered the Court's decision, in which Presiding Judge Jennifer M. Perkins and Judge Angela K. Paton joined.

---

**W I L L I A M S**, Judge:

¶1          Defendant Gerald Darnell Richardson appeals his convictions and sentences for one count of armed robbery, two counts of assault, and two counts of kidnapping. Defense counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), advising us there are no meritorious grounds for reversal. Richardson was given an opportunity to file a supplemental brief *in propria persona* but did not do so. Our obligation is to review the entire record for reversible error, *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999), viewing the evidence in the light most favorable to sustaining the convictions and resolving all reasonable inferences against Richardson, *see State v. Guerra*, 161 Ariz. 289, 293 (1989). Having reviewed the entire record, we affirm.

**FACTUAL AND PROCEDURAL HISTORY**

¶2          Alerted by a chime at the storefront door, the assistant manager of a video game store turned to greet a prospective customer. What he saw was a man wearing a black bandana over the lower half of his face and brandishing, in his right hand, a silver, "shiny" gun. As the robber entered the store and approached the counter, he pulled the bandana from his face, "tuck[ed]" the gun in his pants, warned the assistant manager and the other store employee, a "game advisor," not to "push [any] buttons," and demanded all the money in the cash register and a gaming console. After handing over the money, the assistant manager stated that the gaming consoles were stored in a back room, so the robber ordered the assistant manager and the game advisor to lead him to the storage area.

¶3          Once in the back room, the robber demanded a specific, "more expensive" gaming console. The employees complied. When the robber had the cash and the gaming console, he ordered the employees to remain in the back room and then left the store through the front door. The assistant manager then called the police to report.

¶4       The ensuing police investigation eventually focused on Richardson. The State charged Richardson with one count of armed robbery, two counts of aggravated assault, two counts of kidnapping, and one count of misconduct involving weapons. The State also alleged numerous aggravating factors and that Richardson had prior felony convictions and was on probation at the time of the offenses.

¶5       At trial, the assistant store manager and the game advisor identified Richardson as the person who had committed the robbery. Although both employees avoided making eye contact with the robber, they explained that they could identify him because they carefully reviewed the store's surveillance video after the robbery. Apart from presenting the employees' accounts of the robbery and identification testimony, the State submitted as an exhibit the gaming store's surveillance video of the robbery, which was played for the jury.

¶6       At the close of evidence, Richardson moved for judgment of acquittal under Arizona Rules of Criminal Procedure ("Rule") 20, which the trial court summarily denied. The court's final instructions to the jury included Richardson's requests for lesser-included offense instructions on robbery and misdemeanor assault.

¶7       After a six-day trial, the jury convicted Richardson of one count of armed robbery, two counts of misdemeanor assault, and two counts of kidnapping, but acquitted him of both counts of aggravated assault and misconduct involving weapons.

¶8       At the sentencing hearing, the State presented evidence that Richardson had at least two prior felony convictions and committed the present offenses while on felony probation. The trial court sentenced Richardson to concurrent, presumptive terms of 15.75 years imprisonment for the armed robbery and kidnapping counts, and four months in jail (time served) for the assault counts. Because Richardson violated his probation by committing these offenses, presumptive terms were the minimum sentences allowed by law. *See* A.R.S. § 13-708(C).

¶9       After sentencing, Richardson's attorney failed to file a notice of appeal before withdrawing. Years later, Richardson successfully moved for post-conviction relief under Rule 32.1(f) and obtained leave to file a new notice of appeal.

¶10       Richardson timely appealed following that order. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21, 13-4031, and -4033(A)(1).

## DISCUSSION

¶11      Our review of the record shows no reversible error requiring remand. *Clark*, 196 Ariz. at 541, ¶ 50. The record reflects that Richardson was represented by counsel and present at all critical stages. *State v. Conner*, 163 Ariz. 97, 104 (1990); *State v. Bohn*, 116 Ariz. 500, 503 (1977). The jury appropriately consisted of 12 jurors in accordance with A.R.S. § 21-102(A). The court properly instructed the jury of Richardson's presumption of innocence and right not to testify, the State's burden of proof, and the elements of the charges Richardson faced. Nothing during Richardson's trial or sentencing hearing unfairly prejudiced him or deprived him of any constitutional protections.

## CONCLUSION

¶12      We have reviewed the entire record for reversible error and find none. Accordingly, we affirm Richardson's convictions and sentences. After this decision's filing, defense counsel's obligations in this appeal will end. Defense counsel need do no more than inform Richardson of the outcome of this appeal and his future options, unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). On this court's motion, Richardson has 30 days from the date of this decision to proceed, if he wishes, with an *in propria persona* motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:    AA