NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

SAMMANTHA LUCILLE REBECCA ALLEN, *Appellant.*

No. 1 CA-CR 23-0106

FILED 12-19-2023

---

Appeal from the Superior Court in Maricopa County
No.  CR2011-138856-003
The Honorable Scott Sebastian Minder, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Zhivago Law, PLLC, Phoenix
By Kerri Droban Zhivago
*Counsel for Appellant*

**MEMORANDUM DECISION**

Presiding Judge Jennifer B. Campbell delivered the decision of the Court, in which Judge Kent E. Cattani and Judge Anni Hill Foster joined.

**C A M P B E L L**, Judge:

¶1        Sammantha Lucille Rebecca Allen appeals her sentence for one count of negligent child abuse. Defense counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), advising us there are no meritorious grounds for reversal. Allen was given an opportunity to file a supplemental brief in propria persona but did not do so. After reviewing the record, we affirm Allen's sentence.

**BACKGROUND**

¶2        In the summer of 2011, Allen and her husband lived with the victim, a ten-year-old girl. One evening in July, the couple forced the victim to engage in hours of calisthenics as punishment for taking a popsicle. This included forcing the victim to remain in a backbend position with her feet and head on the floor for at least one hour. Before the couple went to sleep that evening, they locked the victim inside a storage box in a room without air-conditioning, where the victim would eventually asphyxiate and die.

¶3        A jury convicted Allen of one count of first-degree felony murder, a class 1 felony, one count of conspiracy to commit child abuse, a class 2 felony, two counts of intentional or knowing child abuse, class 2 felonies, and one count of negligent child abuse, a class 6 felony. As relevant here, the jury found Allen committed negligent child abuse by forcing the victim to "do backbends for hours." The jury found aggravating factors applied and death to be an appropriate sentence for murdering the victim. The superior court sentenced Allen to death for the murder conviction, and to maximum and aggravated terms of imprisonment for the remaining convictions. Regarding the negligent child abuse count, the jury found only one aggravating factor, that the offense involved the "presence of an accomplice," and the court sentenced Allen to the aggravated term of two years' imprisonment. *See* A.R.S. §§ 13-701(D)(4), -702(D).[1] In a separate trial,

_____

[1]        We cite to the current versions of the applicable statutes because no revisions material to this decision have since been made.

Allen's husband was convicted of similar offenses and sentenced to death. *See State v. Allen*, 248 Ariz. 352, 357–58, ¶¶ 1, 5 (2020).

¶4          On automatic appeal, the Arizona Supreme Court affirmed Allen's convictions and sentences, except her sentence for negligent child abuse. *See State v. Allen*, 253 Ariz. 306, 364, ¶ 227 (2022). Allen argued, and the State conceded, that the superior court's use of a single factor to aggravate her sentence for negligent child abuse constituted fundamental error. *Id.* at 361, 363, ¶¶ 211, 220. Agreeing with the parties, the Court explained, "[t]o impose a maximum sentence, at least one aggravator must be found, A.R.S. § 13-701(C), but to impose an aggravated sentence, at least two aggravating circumstances must be found for a first-time offender, § 13-702(C)." *Id.* at 362, ¶ 213. The Court found the sentence to be unlawful, constituting fundamental error. *Id.* at 363, ¶ 220. The Court vacated Allen's sentence for negligent child abuse and remanded for resentencing. *Id.*

¶5          At resentencing, the superior court confirmed that it reviewed the case file and the Arizona Supreme Court's opinion. The State recommended the maximum term of 1.5 years' imprisonment. *See* A.R.S. § 13-702(D). Allen did not oppose this recommendation. The court sentenced Allen to a term of 1.5 years' imprisonment based on the jury's finding of "presence of an accomplice" as an aggravating factor. This timely appeal followed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031, and 13-4033(A)(4).

**DISCUSSION**

¶6          We have reviewed the portions of the record relevant to resentencing and have not found any reversible error. *See Leon*, 104 Ariz. at 300. The resentencing proceeding was conducted in compliance with the Arizona Rules of Criminal Procedure, and the sentence imposed fell within the statutory range. *See* A.R.S. § 13-702(D). The superior court acted within its discretion in imposing a maximum sentence based on the aggravating factor found by the jury. *See Allen*, 253 Ariz. at 362, ¶ 213; *see also* A.R.S. § 13-701(C). Allen was present and represented by counsel at the proceeding. *See State v. Conner*, 163 Ariz. 97, 104 (1990) (right to counsel at critical stages); *State v. Bohn*, 116 Ariz. 500, 503 (1977) (right to be present at critical stages). Nothing during the proceeding was unfairly prejudicial to Allen nor was she deprived any constitutional protections.

**CONCLUSION**

**¶7**        We have reviewed the record for reversible error and find none. Accordingly, we affirm Allen's sentence as modified. After this decision's filing, defense counsel's obligations in this appeal will end. Defense counsel need do no more than inform Allen of the outcome of this appeal and her future options, unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Allen has 30 days from the date of this decision to proceed, if she wishes, with an in propria persona motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:        TM

4